IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2001 Session

# GREGORY HATTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Giles County**
**No. 6947      Jim T. Hamilton, Judge**

---

**No. M2000-00756-CCA-R3-PC - Filed May 25, 2001**

---

The petitioner, Gregory Hatton, sought post-conviction relief on the grounds that his trial counsel was ineffective, that his guilty pleas were not knowing and voluntary, and that his sentence is illegal. The trial court concluded that the petition was barred by the statute of limitations. Insofar as an illegal sentence is subject to correction at any time, the trial court's dismissal of the petitioner's illegal sentence claim was erroneous. Because, however, the petitioner is not entitled to relief on that claim, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Claudia S. Jack, District Public Defender, Columbia, Tennessee, for the appellant, Gregory Hatton.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Richard H. Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 18, 1977, the petitioner pled guilty to armed robbery, first degree burglary, two counts of simple kidnapping, assault with intent to commit murder, grand larceny, and rape. The trial court imposed sentences as follows: 30 years for the armed robbery; five to 15 years for the burglary; four to ten years for each of the kidnappings; three to 21 years for the assault; three to ten years for the larceny; and life imprisonment for the rape. The trial court ordered concurrent sentences except for the armed robbery sentence, which was ordered to be served consecutively. The effective sentence was life plus thirty years. A petition to rehear was denied.

On February 19, 1981, the petitioner filed a motion for new trial challenging the validity of his guilty pleas. The trial court, which elected to consider the motion as a petition for post-conviction relief, appointed counsel and held an evidentiary hearing. At the conclusion of the

hearing, the trial court found that the guilty pleas were knowingly and voluntarily made. This court affirmed on appeal. State v. Gregory Hatton, No. 81-275-III (Tenn. Crim. App., at Nashville, Aug. 13, 1982).

In 1996, the petitioner filed a petition for writ of habeas corpus asserting that the judgment entered on his rape conviction was void because the indictment failed to allege the mens rea of the crime. The trial court denied the petition. This court affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Gregory L. Hatton v. State, No. 02C01-9611-CC-00407 (Tenn. Crim. App., at Jackson, Feb. 19, 1997).

On October 21, 1994, prior to his petition for writ of habeas corpus, the petitioner had filed this petition for post-conviction relief, his second. The trial court appointed counsel and two amended petitions were subsequently filed. On March 3, 2000, the trial court denied the petition, concluding that it was barred by the three-year statute of limitations contained in Tennessee Code Annotated § 40-30-102 (repealed 1995). In October, 1994, the petitioner was subject to the following statute of limitations:

> A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (repealed 1995). There was no statute of limitations under the original post-conviction procedure act. See Tenn. Code Ann. § 40-30-102 (1982) (originally Tenn. Code Ann. § 40-3802) (repealed 1995). The three-year statute of limitations, adopted in 1986, began to run on July 1, 1986, and expired on July 3, 1989. Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). With the exception of the illegal sentence claim, the trial court did not err by denying the petitioner's claims on the ground that they were barred by the statute of limitations.

In his first post-conviction petition, the petitioner had contended that his guilty pleas were neither knowingly nor voluntarily entered. Thus, the same issue presented in this petition is barred as "previously determined." See Tenn. Code Ann. § 40-30-112(a) (repealed 1995). Because the petitioner failed to raise any ineffective assistance of counsel claim in his first post-conviction petition, that ground has been waived. See Tenn. Code Ann. § 40-30-112(b)(1) (repealed 1995); House v. State, 911 S.W.2d 705, 711 (Tenn. 1995).

The petitioner, who also asked for a delayed appeal, argues that the trial court failed to rule on the request. That is not, however, a basis for relief. The statute of limitations for post-conviction relief applies to delayed appeals. Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994).

With regard to the petitioner's illegal sentence claim, the general rule is that an illegal sentence may, in fact, be corrected at anytime. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978) (noting that the trial court had the power and duty to correct an illegal sentence at any time).

-2-

Typically, a challenge to an illegal sentence by an incarcerated defendant is by petition for writ of habeas corpus. See Stephenson v. Carlton, 28 S.W.3d 910 (Tenn. 2000); Freddie Cupples v. State, No. 02C01-9511-CC-00333, slip op. at 3 (Tenn. Crim .App., at Jackson, Oct. 22, 1996), app. denied (Tenn. Feb. 10, 1997). This court has also considered an attack on an illegal sentence by way of post-conviction petition, holding that the action is not barred by the applicable statute of limitations. Kevin Lavell Abston v. State, No. 02C01- 9807-CR-00212, slip op. at 3 (Tenn. Crim. App., at Jackson, Dec. 30, 1998) (citing State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)); see also James Gordon Coons, III v. State, No. 01C01-9801-CR-00014, slip op. at 6 (Tenn. Crim. App., at Nashville, May 6, 1999).

A sentence is illegal if it directly contravened a statute in existence at the time it was imposed. Taylor v. State, 995 S.W.2d 78, 85 (Tenn. 1999). A sentence is not illegal when the defendant claims only prosecutorial misconduct or judicial vindictiveness. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (noting that alleged constitutional violations are properly addressed in post-conviction, not habeas corpus, proceedings). "Technical violations related to the judgment forms and committal documents . . . would not render [a] petitioner's confinement illegal as long as a valid conviction and resultant legal sentence were imposed." Marvin Anthony Matthews v. Charles C. Noles, No. 02C01-9206-CC-00140, slip op. at 4 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), app. denied (Tenn. June 1, 1993).

Here, the petitioner argues that the consecutive sentencing was illegal because it "violated the statutory and Tennessee Supreme Court case law in effect at the time" and because there was no presentence report or sentencing hearing. The petitioner also complains that the trial court did not offer him an opportunity to withdraw his guilty pleas and failed to advise him that he had the right to appeal his sentence.

Initially, this court affirmed the constitutionality of the petitioner's guilty pleas in the first post-conviction proceeding. See Hatton, No. 81-275-III, slip op. at 4 ("[The petitioner] was plainly advised that the trial judge was not bound by any agreement between the prosecuting attorney and defense counsel and declined the opportunity to withdraw his plea of guilty to the charges."). In 1977, the following sentencing statute was in effect:

> When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge; provided, that the exercise of the discretion of the trial judge shall be reviewable by the Supreme Court on appeal.

Tenn. Code Ann. § 40-2711 (1975) (subsequently Tenn. Code Ann. § 40-20-111(a)) (repealed 1995). The sentence imposed is well within the statutory limitations. See Burkhart, 566 S.W.2d at 873. "While the imposition of consecutive sentences by a trial court may be erroneous because not warranted under the facts and sentencing laws, consecutive sentences for multiple convictions are not considered illegal sentences." State v. Carl Steven McGill, No. 03C01-9409-CR-00345, slip op.

at 6 (Tenn. Crim. App., at Knoxville, Sept. 19, 1995); <u>see also</u> <u>State v. Edward Lorenzo Samuels</u>, No. M1998-01821-CCA-RMCD (Tenn. Crim. App., at Nashville, Dec. 30, 1999), <u>aff'd</u>, <u>State v. Samuels</u>, ___ S.W.3d ___, No. M1999-01821-SC-R11CD (Tenn. May 4, 2001).  Even if the consecutive sentences were erroneously imposed, no relief would be available at this late date. Because the sentence was not illegal, the petitioner is not entitled to relief.

Accordingly, the judgment of the trial court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE