William Lewis HANDLEY, Jr., Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 13, 1994.

Permission to Appeal Denied by Supreme Court Oct. 10, 1994.

Ardena J. Garth, Dist. Public Defender, Donna Robinson Miller, Asst. Dist. Public Defender, Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, John B. Nisbet, III, Asst. Atty. Gen., Crim. Justice Div., Nashville, for appellee.

## OPINION

WELLES, Judge.

The appellant, William Lewis Handley, Jr., appeals as of right the trial court's order dismissing his petition for post-conviction relief, holding same was barred by Tennessee Code Annotated (T.C.A.) section 40–30–102. We affirm the judgment of the trial court.

On November 6, 1986, petitioner pled guilty to armed robbery and to being an habitual offender. His petition to enter a guilty plea stated that his thirty-five year sentence was to be consecutive to another sentence out of Sequatchie county for aggravated kidnapping and assault with intent to commit armed robbery. The judgment entered by the trial court on the same date states the sentence is to run concurrent with the Sequatchie county sentence. Appellant states in his petition that his sentence was ordered to be consecutive, but that the sentence is void. Petitioner asks for post-conviction relief to remedy this situation. His petition for post-conviction relief was filed November 19, 1992.

The petitioner argues three issues for review. The first is whether or not the State waived the statute of limitations set forth in T.C.A. section 40–30–102.[1] The second issue is whether or not the limitation period applies to delayed appeals. The third issue is whether or not the barring of this petition would violate the petitioner's due process rights.

■ The petitioner's post-conviction relief petition is clearly past the three year statute of limitations for post-conviction relief.[2] The petitioner argues that the statute of limitations has been waived as a defense by the State because it was not brought up in any of the pleadings. The failure of the state to plead the three year statute of limitations does not bar the trial court's application of it. In *Smith v. State*, 873 S.W.2d 5 (Tenn.Crim. App.1993), this court observed that the mandatory language of the statute gives the trial court the power to dismiss cases brought past the three year deadline, whether or not the state mentions the statute of limitations in the pleadings. *Id.* at 6.

■ The second issue argued is whether or not the statute of limitations applies to delayed appeals.[3] The petitioner attempts to differentiate post-conviction relief and a delayed appeal. Through such a differentiation, he argues the statute of limitations would not apply. However, this court has held that the statute of limitations for post-conviction relief applies to delayed appeals as well, because the petitioner must comply with the post-conviction procedure act to obtain a delayed appeal. *Owens v. State*, No. 03C01–9205–CR–177, slip op. at 4, 1993 WL 133230 (Tenn.Crim.App., Knoxville, filed Apr. 28, 1993).

■ The third issue argued is that the application of the statute of limitations to petitioner's post-conviction relief is a violation of his due process rights. The petitioner

---

1. § 40–30–102 states:
   A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.
   Tenn.Code Ann. § 40–30–102 (1990).

2. The appellant has not made a direct appeal or asked for post-conviction relief before this time. However, the three year statute of limitations applies although there has been no previous appeal. This court has held that the three year statute of limitations begins to run at the time of the final conviction if there is no attempt by the defendant to perfect his right to appeal. *Warren v. State*, 833 S.W.2d 101, 102 (Tenn.Crim.App. 1992).

3. A delayed appeal is authorized by T.C.A. § 40–30–120 if the petitioner was denied his right to appeal from his original conviction in violation of the Constitution of the United States or the Constitution of Tennessee. Tenn.Code Ann. § 40–30–120 (1990).

cites *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) to support his argument. In *Burford*, the Tennessee Supreme Court stated that in certain situations the application of the three year statute of limitations would be a violation of a person's due process rights. In *Burford* the petitioner was caught in a procedural trap. *Burford*, 845 S.W.2d at 208. He could not challenge one sentence until another's validity was decided. *Id.* For this reason, Burford was left with only ten months before the statute would run. *Id.* at 209.

The petitioner's case is totally distinguishable from *Burford*. He had the full three years to discover the discrepancy in his case. The Tennessee Supreme Court has held that three years is a reasonable amount of time, and therefore, the post-conviction statute of limitations is constitutional. *Id.* at 208. The petitioner's due process rights were not violated because he had a reasonable amount of time to seek post-conviction relief.

We agree with the judgment of the trial court that the instant petition is time-barred. The judgment is affirmed.

PEAY, J., and JOHN P. COLTON, Jr., Special Judge, concur.