# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. MIKEL U. PRIMM

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR-3291  Allen W. Wallace, Judge (at trial)**
**Robert E. Burch, Judge (post-conviction)**

---

**No. M1999-00354-CCA-R3-CD - Decided June 2, 2000**

---

The defendant, Mikel U. Primm, was convicted of sale of cocaine.  Because the defendant's appeal was untimely filed, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

WADE, P.J.,  delivered the opinion of the court, in which SMITH and WEDEMEYER, JJ., joined.

James W. Sowell (on appeal), Dickson, Tennessee, Carey Thompson (at trial), Charlotte, Tennessee, for the appellant, Mikel U. Primm.

Paul G. Summers, Attorney General & Reporter, Marvin E. Clements, Jr., Assistant Attorney General, Dan M. Alsobrooks, District Attorney General, Suzanne M. Lockert, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

On March 17, 1997, the defendant, Mikel U. Primm, was convicted of sale of cocaine. See Tenn. Code Ann. § 39-17-417.  The trial judge, Allen W. Wallace, imposed a Range I sentence of five years.  On June 4, 1997, the defendant filed a motion for new trial.  Approximately six weeks later, the defendant filed an amended motion for new trial.  Nearly two months passed before the trial court overruled the motion.   There was no notice of appeal.  On November 9, 1998,[1] the defendant filed a petition for post-conviction relief.  Although the trial judge, Robert E. Burch, determined that the petition was not timely filed, he concluded that "in the interests of justice, relief shall be granted . . . [because the defendant's] conviction was never appealed."  Judge Burch appointed counsel, set aside and re-entered the order denying a new trial, and directed newly appointed counsel to file a notice of appeal.

---

[1]The post-conviction petition is not in the record.  The date of filing was stipulated at oral argument.

On June 28, 1996, Jerry Simmons, a paid informant who was working for the Dickson County Sheriff's Department, arranged to purchase crack cocaine from the defendant. Detective Michael Holman placed an audio transmitter on Simmons and provided him with enough cash to buy drugs. Detective Holman maintained audio surveillance while Simmons paid $30 to the defendant in exchange for crack containing .2 gram of cocaine base. At trial, an audiotape of the transaction was played for the jury. Simmons identified the voice of the defendant.

In this appeal, the defendant contends that many of the comments recorded on the audiotape should have been excluded at trial as inadmissible hearsay. Because, however, the trial court lacked jurisdiction to vacate and re-enter the order overruling the motion for new trial, even "in the interests of justice," this court cannot consider the issue presented on the merits. Therefore, the appeal must be dismissed.

Rule 33(b) of the Tennessee Rules of Criminal Procedure provides that a motion for new trial must be filed within 30 days of the entry of sentence. The defendant failed to timely file his motion for new trial under this rule.

To perfect an appeal, a notice of appeal must be filed with "the clerk of the trial court within 30 days after the date of entry of the judgment . . . ." Tenn. R. App. P. 4(a). In criminal cases, the filing of a notice of appeal may be waived "in the interest of justice," but only by the "appropriate appellate court." Id. (emphasis added); State v. Scales, 767 S.W.2d 157 (Tenn. 1989). The trial court has no such authority. A delayed appeal is authorized by Tenn. Code Ann. § 40-30-213 when the petitioner is denied effective assistance of counsel due to the failure to perfect an appeal of right. See Tenn. Code Ann. § 40-30-213; Tenn. R. App. P. 3. Yet a petition seeking the grant of a delayed appeal must be filed within the statute of limitations. Tenn. Code Ann. § 40-30-202(a); Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994). No court may consider an untimely post-conviction petition except in certain unusual circumstances, none of which would apply here. See Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992).

While the trial court could not grant a delayed appeal in this instance, that would ordinarily have been the proper remedy. Despite our preference to consider the merits of the appeal and our admiration of the trial court's ingenuity in attempting to permit such a review, that procedure would not, in our view, honor the legislature's intention to limit any consideration of relief after so long a delay. Neither should we exercise our discretion to allow an appeal "in the interests of justice" when the defendant did not file a notice of appeal until long after the expiration of the statute of limitations for the filing of post-conviction relief.

Accordingly, the appeal is dismissed.