IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY 2000 SESSION

## FRANK HOLIDAY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 92-D-2156    Seth Norman, Judge**

---

**No. M1999-01010-CCA-R3-PC - Decided July 7, 2000**

---

The appellant/petitioner, Frank Holiday, appeals as of right from a dismissal of his petition for post-conviction relief by the Davidson County Criminal Court on the basis that the petition was barred by the statute of limitations. The petitioner, pro se, presents one appellate issue: Did the trial court err in failing to appoint counsel and conduct an evidentiary hearing in this matter, in view of the egregious failure of counsel to protect the petitioner's right to an appeal, and if not, is the petitioner entitled to a delayed appeal?

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

LAFFERTY, SR. J., delivered the opinion of the court, in which TIPTON, J., and WELLES, J., joined.

Frank Holiday, Wartburg, Tennessee, Pro Se.

Michael E. Moore, Solicitor General and Marvin E. Clements, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was found guilty of murder first degree by a Davidson County jury and sentenced to life imprisonment in the Department of Correction. On direct appeal, the petitioner's conviction was affirmed by this Court. *State v. Frank Holiday,* No. 01C01-9402-CR-00067, 1995 WL 702794 (Tenn. Crim. App. Nov. 30, 1995). We quote from this Court's opinion the salient facts surrounding the petitioner's conviction:

Perhaps most significant was the [S]tate's eyewitness proof, which included the testimony of three persons who saw the victim's automobile wreck followed by her running exit from the car and subsequent murder. Pat Merrill witnessed the crash from her front porch. She said that after the victim ran from the car, she collapsed in the street and then "picked herself up off the ground." She heard the victim say to the man who had followed her, "Please, Frank, don't hurt me. I'll be good" and continued "begging for her life" down on her knees. Ms. Merrill then watched a

man, whom she identified at trial as the defendant, shoot the victim in the head, "like she was just some kind of a dog or something." She saw and/or heard a total of five shots.

*Holiday*, 1995 WL 702794, at *2. This murder occurred on September 13, 1992.

On May 4, 1999, the petitioner, an inmate in the Brushy Mountain Correctional Complex, signed a petition for post conviction relief which was filed with the Davidson County Criminal Court Clerk. In his petition, the petitioner alleged that his counsel failed to apply for permission to appeal with the Supreme Court after his conviction was affirmed by this Court. The petitioner asserted that his counsel assured the petitioner such application would be filed if this Court's decision was adverse to the petitioner's interests. In additional grounds for relief, the petitioner alleged that his conviction was based upon a violation of the privilege against self-incrimination, that the State failed to disclose to the defendant evidence favorable to him, that his conviction was based on a violation of double jeopardy, and that he was denied effective assistance of counsel.

On May 21, 1999, the trial court entered an order dismissing the petition for post conviction relief on the basis that the petition was not timely filed within the statute of limitations. Sup. Ct. R. 28, § 4(B).

## LEGAL ANALYSIS

The petitioner asserts that the statute of limitations, Tennessee Code Annotated § 40-30-202 (a), should not apply to his factual situation in that he did file his petition for relief within one year of discovering his counsel failed to seek an appeal with the Supreme Court. The State counters that the trial court was correct in dismissing this petition in that it is barred by the statute of limitations.

The record reflects that the petitioner's direct appeal of his conviction for murder first degree was affirmed on November 30, 1995. The petitioner had sixty (60) days from November 30, 1995, to file an application for permission to appeal the judgment of this Court to the Supreme Court. Tenn. R. App. P. 11(b). In the absence of any application being filed, this Court's order of judgment became final on or about January 30, 1996. Thus, the provisions of the Post-Conviction Procedure Act of 1995 apply to this case.

In pertinent part, Tennessee Code Annotated § 40-30-202(a) provides:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available

at law or equity.

Therefore, the petitioner's allegations set forth in the petition as to violations against self-incrimination, double jeopardy, undisclosed favorable evidence, and ineffective assistance of counsel are barred by the statute of limitations. Between January 30, 1996, and January 30, 1997, the petitioner had ample opportunity to seek any relief. He did not do so for four (4) years.

As to the petitioner's request for a delayed appeal, the trial court did not directly address the petitioner's relief as to a delayed appeal. The trial court found that any reasonable person would have inquired as to the merits of his case sooner. We concur in the trial court's reasoning. Even if we take the petitioner's statement that he filed his petition within one (1) year of learning about counsel's failure to appeal to the Supreme Court as true, we find that the statute of limitations would bar the petitioner from relief. In construing a similar question under the previous Post-Conviction Procedure Act, Tenn. Code Ann. § 4-30-102 (Rpl.), this Court in *Handley v. State,* 889 S.W.2d 223, 224 (Tenn. Crim. App.), *perm. app. denied,* (Tenn. 1994), held that the statute of limitations for post-conviction relief applies to delayed appeals as well, because the petitioner must comply with the Post-Conviction Procedure Act to obtain a delayed appeal.

The trial court's judgment is affirmed.