IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2009

## TIMOTHY CLAYTON THOMPSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 90379    Mary Beth Leibowitz, Judge**

_____

**No. E2008-02819-CCA-R3-PC - Filed April 19, 2010**

_____

Petitioner Timothy Clayton Thompson pled guilty to one count of especially aggravated kidnapping and one count of aggravated rape. This court affirmed his conviction and Petitioner did not request supreme court review. Five years later, Petitioner filed this petition for post-conviction relief, seeking a delayed direct appeal and collaterally attacking his conviction. The post-conviction court concluded the petition was filed outside the limitations period and dismissed it without a hearing. Upon review, we conclude Petitioner is entitled to an evidentiary hearing to determine whether due process concerns toll the statute of limitations. We therefore reverse the post-conviction court's judgment and remand for appointment of counsel and for an evidentiary hearing consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Timothy Clayton Thompson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Factual Background**

The circumstances leading to Petitioner's underlying conviction are not relevant to the issues present before us.[1] It suffices to say he was convicted on his guilty pleas to two Class A felonies and was sentenced to serve two consecutive twenty-two year terms in confinement. On direct appeal, this court affirmed Petitioner's conviction and sentence. See State v. Timothy Clayton Thompson, No. E2002-01710-CCA-R3-CD, 2003 WL 21920247, at *1 (Tenn. Crim. App. at Knoxville, Aug. 12, 2003). The opinion was issued on August 12, 2003; however, Petitioner alleges that he was not aware of the decision until August 2008.

According to Petitioner, he received a copy of the brief filed in his direct appeal in December 2002. Counsel assured Petitioner that he would keep Petitioner advised of developments in the case and that his case would be in the appellate system for a "long time." As time passed, Petitioner became concerned about the lack of action in his case and wrote his attorney a letter. His attorney did not respond. Therefore, in August 2008 Petitioner wrote the clerk's office and was advised that his case had been decided. The clerk's office provided him a copy of the court's opinion.

Thereafter, Petitioner filed a complaint against counsel with the Tennessee Board of Professional Responsibility (B.P.R.). The B.P.R. contacted counsel on May 13, 2008, but counsel did not respond. The B.P.R. sent a second letter to counsel on May 28, 2008. Counsel responded to the second letter by saying that he would forward a copy of his files to Petitioner. According to Petitioner, the files did not contain the August 2003 opinion.

Petitioner filed a motion for a delayed appeal in our supreme court on September 12, 2008. The motion was denied on October 7, 2008.

On November 17, 2008, Petitioner filed the present petition for post-conviction relief, seeking permission to file a delayed appeal of this court's direct appeal decision. He also sought to collaterally attack his convictions, citing a number of reasons why he should be granted post-conviction relief. The post-conviction court summarily denied the petition as untimely. It did so without an evidentiary hearing and without any analysis of whether due process considerations should toll the statute of limitations.

Petitioner now appeals the post-conviction court's order. Specifically, he argues that although his petition was untimely, due process concerns should toll the limitations period and allow him to raise his claims. Petitioner alleges that counsel's fraudulent concealment of this court's direct appeal decision prevented him from seeking timely post-conviction

_____

[1] The facts surrounding Petitioner's convictions are detailed in our direct appeal opinion, which is cited below.

relief. The lengthy delay between filings is justified, Petitioner says, because counsel advised him that his case would be in the appellate courts for "a long time," which Petitioner construed to mean several years.

The State contends that the petition is untimely and the post-conviction court's order should be affirmed. It argues that Petitioner has not alleged that counsel misrepresented anything, but rather has only alleged that his attorney failed to inform him of the direct appeal decision. It also argues that it was unreasonable for Petitioner to wait five years before filing his petition, and therefore due process does not demand the statute of limitations be tolled.

## II. Analysis

We agree that the petition is untimely. Although the Post-Conviction Procedure Act allows a petitioner to seek a delayed appeal in certain circumstances, a petitioner seeking such relief must still comply with the Act's statute of limitations. See Tenn. Code Ann. § 40-30-113; see also Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994). Tennessee Code section 40-30-102(a) clearly provides that petitions for post-conviction relief must be filed within one year of the date on which the judgment became final. This jurisdictional limitation carves out only three exceptions, none of which apply here. See Tenn. Code Ann. § 40-30-102(b). Our direct appeal decision was issued on August 12, 2003. Because Petitioner did not file a petition for rehearing, he had sixty days to file a petition for review in the supreme court, see Tenn. R. App. P. 11(b), and one year to file his petition for post-conviction review, see Tenn. Code Ann. § 40-30-102(a). He did neither. His petition thus falls outside the statute of limitations.

However, our supreme court has held that the statute of limitations may be tolled in cases where its strict application would deny the petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001) (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). In Williams, the attorney failed to timely take the proper steps to withdraw and inform Williams of his rights. 44 S.W.3d at 465-67. Williams was thus denied his right to have the supreme court pass on his case. Id. Nevertheless, the post-conviction court dismissed his petition for post-conviction relief as untimely. Id. The supreme court held that Williams was entitled to a hearing to determine whether due process demanded the statute of limitations be tolled. Id. at 468. The court was "concerned" that strict application of the statute of limitations would curtail, "through no fault of his own," Williams' due process right to have a reasonable opportunity to assert his claim. Id. The court reasoned that "an attorney's misrepresentation, either attributable to deception or other misconduct," is "beyond a defendant's control." Id. at 469. Therefore if, as a result, "a defendant erroneously believes that counsel is continuing to represent him . . . then the defendant is essentially precluded from pursuing certain

remedies independently." Id. The issue in Williams, then, was whether the petitioner "was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. at 471. To resolve that issue, the post-conviction court needed to hold an evidentiary hearing to further develop the record because "[t]o summarily terminate his claim without further inquiry would be an 'abridgement of both direct and post-conviction avenues of appeal-without ever reaching the merits of the . . . case . . . [and] would be patently unfair.'" Id. (quoting Crittenden v. State, 978 S.W.2d 929 (Tenn.1998)).

The question in this case is whether due process considerations toll the statute of limitations in order to allow Petitioner's petition. On the sparse record before us, we cannot close that door on Petitioner. The uncontroverted petition asserts that Petitioner's counsel essentially abandoned him after he filed the appeal in this court. Counsel did not convey to Petitioner the August 2003 decision of this court. Nor did he withdraw from the case or even indicate to Petitioner that he intended to withdraw. Instead, counsel waited nearly five and a half years to even communicate with his client again–and then only at the behest of the B.P.R., who was conducting an investigation that Petitioner says he initiated. Moreover, Petitioner claims that counsel ignored the first letter from the B.P.R., responding only after the second letter was sent. According to Petitioner, when counsel did contact him, counsel still failed to inform Petitioner that the court had issued its opinion in his case.

The State contends that Petitioner's excuse for his tardiness is mere attorney negligence. We disagree. Petitioner's allegations suggest that counsel deceived Petitioner by "failing to properly withdraw from representation and . . . failing to notify [Petitioner] that no application for permission to appeal would be filed." Williams, 44 S.W.3d at 468 n.7. As such, we conclude that Petitioner's claim satisfies Williams' threshold for requiring an evidentiary hearing.

### III. Conclusion

For the foregoing reasons, we reverse the judgment of the post-conviction court and remand this case for the appointment of counsel and for an evidentiary hearing regarding whether due process considerations require that the statute of limitations should be tolled.

_____
NORMA McGEE OGLE, JUDGE