# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MARCUS D. LEE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 95-10473, 95-11561-62, 97-01964      James M. Lammey, Jr., Judge**

---

### No. W2009-02478-CCA-R3-PC  - Filed May 27, 2010

---

The petitioner, Marcus D. Lee, appeals the summary dismissal of his "motion for delayed appeal and post-conviction relief," claiming that he was deprived of the opportunity to seek appellate review of his convictions and sentences and that he is entitled to due process tolling of the statue of limitations.  The trial court summarily dismissed the motion because the statute of limitations had expired and the petitioner failed to present an appropriate basis for tolling the statute of limitations.  The State has filed a motion to affirm the judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  After careful review, we grant the motion of the State to affirm the judgment from the post-conviction court pursuant to Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Marcus D. Lee, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter;  Rachel E. Willis,  Assistant Attorney General;  William L. Gibbons,  District Attorney General;  and Lorrie Fowler,  Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 11, 1995, the petitioner entered guilty pleas to one count of possession of cocaine with intent to sell, one count of unlawful possession of a deadly weapon with intent to commit a crime, and one count of sale of cocaine.  The petitioner received a total effective sentence of three years in the workhouse.  On May 8, 2006, he filed a petition for

writ of error coram nobis, which was summarily dismissed by the trial court and affirmed by this court on May 31, 2007. *See Marcus Deangelo Lee v. State*, No. W2006-02031-CCA-R3-CO, 2007 Tenn. Crim. App. LEXIS 421 (Tenn. Crim. App. May 31, 2007). On June 25, 2008, he filed a motion to reopen his post-conviction case and a motion for a belated appeal, which were also summarily dismissed. This court affirmed the dismissal on appeal. *See Marcus Deangelo Lee v. State*, No. W2009-00256-CCA-R3-PC, 2009 Tenn. Crim. App. LEXIS 686 (Tenn. Crim. App. Aug. 18, 2009).

On September 10, 2009, the petitioner filed a "motion for delayed appeal and post-conviction relief" and claimed that he was "deprived the opportunity to see second [tier] review of his convictions and sentences" and argued that he was entitled to due process tolling of the statute of limitations. The trial court summarily dismissed the motion because the statute of limitations had expired and the petitioner failed to present any appropriate basis for tolling of the statute of limitations in order to allow a delayed appeal on November 5, 2009. The petitioner filed a notice of appeal on November 17, 2009.

The Post-Conviction Procedure Act provides for a delayed appeal when the petitioner has been denied the right to an appeal from the original conviction. T.C.A. § 40-30-113(a) (2003). Supreme Court Rule 28, section 9(D) allows either a trial court or the Court of Criminal Appeals to grant a delayed appeal as post-conviction relief where the petitioner, through no fault of his own, was denied second-tier review following his direct appeal. A delayed appeal may only be granted through a post-conviction proceeding. This court has held that the statute of limitations for post-conviction relief applies to delayed appeals as well because the petitioner must comply with the Post-Conviction Procedure Act to obtain a delayed appeal. *Handley v. State*, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994).

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The exceptions to the statute of limitations are explicitly limited to: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences enhanced because of convictions subsequently found to be illegal. T.C.A. § 40-30-102(b)(1)(3).

Here, the petitioner's judgments became final in 1995, because no appeal was taken after the judgments were entered. The current petition was not filed until September 10, 2009. The post-conviction court properly dismissed the petition as untimely. The petitioner has not alleged that any of the exceptions are applicable to his case. The petitioner argues that due process required the tolling of the statute of limitations, but the record does not

demonstrate any due process concerns that would require a tolling.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE