# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 17, 2010

## CHARLES RAY POWELL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Franklin County**
**No. 10667      Thomas W. Graham, Judge**

**No. M2009-01618-CCA-R3-PC - Filed November 23, 2010**

Petitioner, Charles Ray Powell, appeals as of right the Franklin County Circuit Court's summary denial of his petition for post-conviction relief. In 1996, Petitioner was convicted by a jury of first degree murder and sentenced by the trial court to serve life imprisonment. This court affirmed Petitioner's conviction, and Petitioner did not make application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. *State v. Charles Ray Powell*, M1998-00757-CCA-R3-CD, 2000 WL 621137 (Tenn. Crim. App. at Nashville, May 12, 2000). On July 10, 2009, Petitioner filed a *pro se* petition for post-conviction relief, seeking a delayed appeal and collaterally attacking his conviction. The post-conviction court concluded that the petition was barred by the statute of limitations and dismissed it without a hearing. Upon review, we conclude that Petitioner's post-conviction petition is barred by the statute of limitations and affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, delivered the opinion of the Court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Charles Ray Powell, Clifton, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; James Michael Taylor, District Attorney General; Steven M. Blount, Assistant District Attorney General; and William Copeland, Assistant District Attorney General, for the appellee, the State of Tennessee.

# OPINION

## I. Factual Background

Following a jury trial, Petitioner was convicted of first-degree murder and sentenced to serve life imprisonment. The facts underlying his convictions are not relevant to the issues present before us, but those facts are detailed in our opinion on direct appeal cited herein.

Appellant filed a *pro se* petition seeking post-conviction relief and a delayed appeal nine years after this Court's opinion was filed. Petitioner alleges that he was not informed of this court's decision affirming his conviction until June 5, 2009, when he received a letter from the appellate court clerk's office, which was in response to a letter he wrote in February, 2009. Petitioner claims that, until then, he believed that his trial counsel was still his attorney and continued to represent him. According to Petitioner, his counsel at trial was retained and not appointed, and counsel never sought to withdraw from representing him pursuant to Tennessee Supreme Court Rule 14. The post-conviction court concluded that Petitioner's retained counsel had no obligation to seek and receive permission to withdraw as counsel for Petitioner after this Court filed its opinion.

In his post-conviction petition, Petitioner alleged that he received ineffective assistance of counsel at trial and on appeal. Appellant concedes that his petition is untimely, but asserts that it was due to attorney error and cites a number of reasons why he should nonetheless be granted post-conviction relief. The trial court summarily dismissed the petition, finding that it was filed outside the applicable one-year statute of limitations.

## II. Analysis

We agree that the petition is untimely. Tennessee Code Annotated section 40-30-102(a) clearly provides that petitions for post-conviction relief must be filed within one year of the date on which the judgment became final. Tenn. Code Ann. § 40-30-102(a). The statute carves out only three exceptions, none of which apply here. In the instant case, the decision of this court, affirming Petitioner's conviction, was filed on May 12, 2000, and no application for permission to appeal to the supreme court was made. Petitioner filed his post-conviction petition on July 10, 2009, more than nine years after the judgment became final.

Although the Post-Conviction Procedure Act allows a petitioner to seek a delayed appeal in certain circumstances, a petitioner seeking such relief must still comply with the Act's statute of limitations. *See* Tenn. Code Ann. § 40-30-113; *see also Handley v. State*, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994).

Petitioner contends that the statute of limitations should be tolled because of his own mental incompetence and his trial counsel's ineffectiveness. Petitioner states in his brief that his trial counsel "abandoned him prior to trial, during the guilt and penalty phases and deserted him during the appellate processes."

Our supreme court has held that the statute of limitations may be tolled in cases where its strict application would deny the petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (quoting *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)). In *Williams*, the post-conviction court summarily dismissed Williams' petition as untimely. 44 S.W.3d at 465-67. The supreme court held that Williams was entitled to a hearing to determine whether due process demanded that the statute of limitations be tolled. *Id*. at 468. The court reasoned that, if the petitioner, "through no fault of his own," was denied his due process right to have a reasonable opportunity to assert his claim as a result of his "attorney's misrepresentation, either attributable to deception or other misconduct," and "was, in fact, misled to believe that counsel was continuing the appeals process," then petitioner would be entitled to a tolling of the statute of limitations. The supreme court remanded the case for an evidentiary hearing to resolve the issue because "[t]o summarily terminate his claim without further inquiry would be an 'abridgement of both direct and post-conviction avenues of appeal-without ever reaching the merits of the ... case ... [and] would be patently unfair.'" *Id*. (quoting *Crittenden v. State*, 978 S.W.2d 929 (Tenn. 1998)).

We do not believe that our supreme court's decision in *Williams v. State* was intended to benefit petitioners in situations such as in the present case. In *Williams*, the record indicated that Williams' attorney's actions may have led Williams to believe that supreme court review was timely sought, thereby potentially misleading him about when the statute of limitations would run. In the record before us, there is nothing to support or explain Petitioner's claims that he believed, for nine years, that his counsel intended to file a Rule 11 application or continue to represent him after the decision of this court. While Petitioner states in his petition that his attorney "misled" him, Petitioner does not state how he was misled, nor has Petitioner provided anything to support his claim. The record is void of any evidence of communications between Petitioner and his attorney that would suggest that his attorney made any misrepresentations to him about the status of his case. Nine years is an exceptionally long time to wait without any action or inquiry on the part of Petitioner.

The Petitioner's allegations simply reflect that his retained counsel failed to seek supreme court review of this court's decision or to withdraw as counsel with notice to Petitioner of his right to seek supreme court review in a timely manner. Counsel's inaction, however, does not justify a tolling of the statute of limitations for a period of nine years. If

Petitioner had asserted that counsel provided assurances to him during those nine years that his case was on appeal, then we believe an evidentiary hearing might be warranted. Absent any allegation to justify Petitioner's years of inaction, however, we do not believe an evidentiary hearing is warranted.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____

THOMAS T. WOODALL, JUDGE