IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2019

**STATE OF TENNESSEE v. MICHAEL L. CAUDLE**

**Appeal from the Circuit Court for Montgomery County**
**No. 2014-CR-1071  William R. Goodman, III, Judge**

_____

**No. M2018-01471-CCA-R3-CD**

_____

In this delayed appeal, the Defendant, Michael L. Caudle, appeals his convictions for two counts of the sale of less than 0.5 grams of cocaine within a drug-free school zone, two counts of the delivery of less than 0.5 grams of cocaine within a drug-free school zone, and one count of possession of 0.5 grams or more of cocaine within a drug-free school zone with the intent to manufacture, sell, or deliver, for which he received an effective sixty-year sentence as a career offender.  On appeal, the Defendant contends that the evidence is insufficient to support his convictions.  We conclude that the trial court lacked jurisdiction to grant the delayed appeal.  Therefore, we dismiss the delayed appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gregory D. Smith (on appeal) and Cleveland Turner (at trial), Clarksville, Tennessee, for the appellant, Michael L. Caudle.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Dan Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The evidence presented at trial established that on December 20, 2013, the Defendant sold 0.47 grams of cocaine to a confidential informant for the Clarksville

Police Department during a controlled buy and in a parking lot located within 1,000 feet of a school. Following the transaction, officers followed the Defendant's vehicle to the parking lot of a convenience store located within 1,000 feet of a school. The Defendant then sold 0.16 grams of cocaine to a woman who previously had served as a confidential informant but was not acting in that capacity at the time of the drug transaction. Officers arrested the Defendant in the parking lot of the convenience store and searched the Defendant's vehicle, locating a baggie containing 2.35 grams of cocaine.

Following a trial in January 2017, the jury convicted the Defendant of two counts of the sale of less than 0.5 grams of cocaine within a drug-free school zone, two counts of the delivery of less than 0.5 grams of cocaine within a drug-free school zone, and one count of possession of 0.5 grams or more of cocaine in a drug-free school zone with the intent to manufacture, sell, or deliver. Following a sentencing hearing on June 2, 2017, the trial court merged the delivery convictions into the sale convictions and ordered the Defendant to serve an effective sixty-year sentence as a career offender.

At the conclusion of the sentencing hearing, the trial court allowed trial counsel to withdraw and appointed appellate counsel to represent the Defendant. The trial court set the Defendant's case for a status hearing on June 19th, and the prosecutor stated that he would send appellate counsel an email to inform him of the appointment. The record does not reflect what occurred during the status hearing, and an order appointing appellate counsel was not filed until October 12, 2017.

Meanwhile, the trial court signed the judgments June 2nd, and the trial court clerk's office entered the judgments on June 23, 2017. The Defendant did not file a motion for new trial or a notice of appeal. On August 17th, the trial court clerk filed a letter from the Defendant in which he asked about the status of his direct appeal and whether new counsel had been appointed to represent him. The Defendant attached a letter from trial counsel dated June 6th in which he advised the Defendant that he had thirty days from the date of the sentencing hearing in which to appeal. Trial counsel stated that he would not be seeking an appeal on the Defendant's behalf because the sentencing hearing "concluded my representation of you in this matter."

On October 20, 2017, approximately four months after the judgments had been filed, the trial court entered an "Order Granting Delayed Appeal," stating that the matter came before the trial court on October 12th regarding the Defendant's pro se motion for appellate counsel and for an appeal. The trial court found:

> Due to an oversight by original trial counsel, said motions were not timely brought before this Court. No Motion for New Trial or Notice of Appeal was filed in this case and the jurisdictional time period to file said motions

- 2 -

have passed. Said request for a delayed appeal related to the appeal in this matter is hereby **GRANTED**.

The trial court granted the Defendant "a delayed appeal to file a Motion for New Trial and Notice of Appeal" and ordered that "[s]aid appeal shall be filed within sixty (60) days of this order." The order was signed by the prosecutor and appellate counsel as approved for entry.

However, no motion for new trial or notice of appeal was filed on the Defendant's behalf. Rather, on August 13, 2018, the trial court entered another "Order Granting Delayed Appeal," which included the same language as the October 20, 2017 order regarding the "oversight by original trial counsel." The trial court granted the Defendant "a delayed appeal to file a Notice of Appeal" and ordered that the appeal be filed within ten days of the entry of the trial court's order. The order was signed by the prosecutor and appellate counsel as approved for entry. The Defendant filed a notice of appeal the following day.

## ANALYSIS

The Defendant asserts that the evidence is insufficient to support his convictions. The State responds that the trial court erred in granting a delayed appeal and that the appeal should be dismissed. The State argues that even if the delayed appeal was properly granted, the evidence is sufficient to support the convictions. The Defendant has not filed a reply brief addressing the State's claim that the delayed appeal was improperly granted.

The trial court clerk entered the judgments on June 23, 2017. The Defendant had thirty days from the date in which the judgments were entered, Monday, July 24, 2017, in which to file a motion for new trial. *See* Tenn. R. App. P. 4(a), (c); *see also State v. Marvin E. Potter, Jr.*, No. E2015-00013-CCA-R3-CD, 2016 WL 879075, at *18 (Tenn. Crim. App. Mar. 8, 2016) (stating that "the date a judgment is entered by the court clerk is the date from which the thirty-day period for filing a motion for new trial begins"). Because the Defendant did not file a motion for new trial, the judgments became final on July 24, 2017. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996) (citing Tenn. R. App. P. 4(a)). Once the judgments became final, the trial court lost jurisdiction over the matter. *Id.* A trial court does not have the authority to extend the deadline for filing a motion for new trial. *See State v. Bough*, 152 S.W.3d 453, 460 (Tenn. 2004) (providing that the thirty-day period for filing a motion for new trial is jurisdictional and cannot be expanded). While the untimely filing of a notice of appeal in a criminal case may be waived "in the interest of justice," a trial court does not have the authority to enlarge the time for filing a notice of appeal in this court. *See* Tenn. R. App. P. 4(a) (providing that

"[t]he appropriate appellate court shall be the court that determines" whether the waiver of an untimely notice of appeal is in the "interest of justice").

Although the Defendant failed to file a timely motion for new trial and a timely notice of appeal, the trial court granted the Defendant relief in the form of a delayed appeal. A delayed appeal is a form of post-conviction relief provided in the Post-Conviction Procedure Act. *See* T.C.A. §§ 40-30-111(a), 40-30-113. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. Tennessee Code Annotated section 40-30-111(a) provides in part:

> If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable, including a finding that trial counsel was ineffective on direct appeal, the court shall vacate and set aside the judgment or order a delayed appeal as provided in this part and shall enter an appropriate order and any supplementary orders that may be necessary and proper.

The post-conviction court "can" grant a delayed appeal when the court "conducting a hearing … finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee." T.C.A. § 40-30-113(a)(1).

A petitioner "may receive a delayed appeal where there has been a denial of the effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution." *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003). Courts apply a two-prong-test in determining whether a petitioner has been denied the constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wallace*, 121 S.W.3d at 656-57. First, the petitioner must establish that counsel was deficient in that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008); *see Strickland*, 466 U.S. at 687. Second, the petitioner must establish prejudice by showing a reasonable probability that, absent the errors, the result of the proceedings would have been different. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009); *see Strickland*, 466 U.S. at 687, 694. The same principles apply in determining effective assistance of both trial and appellate counsel, and a petitioner must show both deficient performance and prejudice. *See Campbell v. State*, 904 S.W.2d 594, 596-97 (Tenn. 1995). Where counsel fails to file a timely motion for new trial, prejudice is presumed but the petitioner still "must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising

issues in addition to sufficiency of the evidence." *Wallace*, 121 S.W.3d at 657-59. The petitioner has the burden of proving the allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1).

The Defendant did not file a petition for post-conviction relief, and no evidentiary hearing was held. *See* T.C.A. § 40-13-113(a); *Joshua L. Hutcherson v. State*, No. W2008-01135-CCA-R3-PC, 2019 WL 2489690, at *3 (Tenn. Crim. App. June 13, 2019), *no perm. app. filed* (holding that the post-conviction court erred in granting a delayed appeal without first conducting a hearing). The trial court did not require the Defendant to satisfy his burden of proving the allegations of fact by clear and convincing evidence or to establish that he received ineffective assistance of counsel. This court has stated that "the petitioner must comply with the post-conviction procedure act to obtain a delayed appeal." *Handley v. State*, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994). Even though the order granting the delayed appeal was signed by the prosecutor and appellate counsel as approved for entry, the parties may not circumvent the required procedures for obtaining a delayed appeal by entering an agreed order granting a delayed appeal. *See State v. Michael Parks*, No. 01C01-9506-CC-00177, 1996 WL 374106, at *2-3 (Tenn. Crim. App. July 5, 1996) (holding that a delayed appeal through an agreed order was improper because the petitioner was required to comply with the procedure of the Post-Conviction Procedure Act to obtain a delayed appeal); *see also State v. Corey Forrest*, No. M2017-01126-CCA-R3-CD, 2018 WL 4057813, at *4 (Tenn. Crim. App. Aug. 27, 2018), *no perm. app. filed* (holding that an agreed order granting post-conviction relief was improper because it was entered without holding an evidentiary hearing and without requiring the petitioner to satisfy his burden of proof or to establish ineffective assistance of counsel). Because the Defendant and the trial court failed to comply with the Post-Conviction Procedure Act, the granting of a delayed appeal was improper.

Because there was no post-conviction petition on which to proceed, we conclude that the trial court lacked jurisdiction over the case at the time it issued its order purporting to grant a delayed appeal. The order was accordingly a nullity, and this appeal must be dismissed. Any further relief must be sought pursuant to the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-101 to -122.

## CONCLUSION

Upon reviewing the record and the applicable law, we dismiss the appeal.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE