IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 17, 2025

## STATE OF TENNESSEE v. ASATA LOWE

**Appeal from the Circuit Court for Blount County**
**No. C-11329, C-11330      David Reed Duggan, Judge**
_____

**No. E2024-01732-CCA-R3-CD**
_____

Pro se Petitioner, Asata Lowe, filed a "Petition for Delayed Appeal," which was treated as a motion for a delayed appeal and summarily dismissed by the Blount County Circuit Court. In this appeal, Lowe argues that the post-conviction court erred when it "failed to consider whether [he] was denied 'the right to an appeal from the original conviction' and that the court made 'erroneous findings of fact and legal conclusions.'" After review, we affirm the judgment of the post-conviction court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Asata Lowe, pro se, Wartburg, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; J. Katie Neff, Assistant Attorney General; and Ryan Desmond, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was originally convicted by a Blount County jury of two counts of first degree premeditated murder, two counts of felony murder in the perpetration of a robbery, two counts of felony murder in the perpetration of theft, one count of especially aggravated robbery, and one count of theft. State v. Lowe, No. E2000-01591-CCA-R3-CD, 2002 WL 31051631, at *1 (Tenn. Crim. App. Sept. 16, 2002), perm. app. denied (Tenn. Feb. 3, 2003). The Petitioner appealed his convictions, and this court affirmed the trial court. Id. Subsequently, the Petitioner sought habeas corpus relief, error coram nobis relief, and the correction of an illegal sentence, all of which were denied. See Lowe v. State, No. M2008-01291-CCA-R3-HC, at *1 (Tenn. Crim. App. Dec. 9, 2008) (order)

(dismissing the habeas corpus petition for failure to file an appellate brief); Lowe v. State, No. M2009-00444-CCA-R3-HC, 2010 WL 143781, at *1 (Tenn. Crim. App. Jan. 13, 2010) (affirming the dismissal of the habeas corpus petition for failure to state a colorable claim); Lowe v. Fortner, No. E2011-00048-CCA-R3-HC, 2012 WL 1080274, at *1 (Tenn. Crim. App. Mar. 30, 2012) (affirming the dismissal of the habeas corpus petition), perm. app. denied (Tenn. Aug. 16, 2012); Lowe v. Phillips, No. E2017-01109-CCA-R3-HC, 2018 WL 706769, at *1 (Tenn. Crim. App. Feb. 5, 2018) (affirming the summary dismissal of the habeas corpus petition); Lowe-El v. State, No. E2020-01335-CCA-R3-HC, 2022 WL 152021, at *1 (Tenn. Crim. App. Jan. 18, 2022) (dismissing the habeas corpus petition and affirming the lower court's denial of error coram nobis relief); Lowe v. State, No. E2022-00285-CCA-R3-HC, 2022 WL 13899444, at *1 (Tenn. Crim. App. Oct. 24, 2022) (affirming the summary dismissal of the habeas corpus petition); State v. Lowe, No. E2024-00321-CCA-R3-CD, 2024 WL 4003352, at *1 (Tenn. Crim. App. Aug. 30, 2024) (affirming the summary dismissal of his Tennessee Criminal Procedure Rule 36 and Rule 36.1 motions for their failure to state colorable claims).

The Petitioner also previously sought and was denied post-conviction relief, which was affirmed by this court. Lowe v. State, No. E2006-02028-CCA-MR3-PC, 2008 WL 631169, at *1, *19 (Tenn. Crim. App. Mar. 10, 2008), perm. app. denied (Tenn. Aug. 25, 2008) (affirming dismissal of the petition that alleged "the post-conviction court improperly refused to allow the Petitioner to amend his petition; (2) the post-conviction court violated the Petitioner's due process rights by refusing to appoint an expert or provide a hearing on the need for investigative services; (3) the Petitioner is entitled to post-conviction relief due to newly discovered evidence; (4) the post-conviction court erred in finding harmless the State's failure to secure and disclose evidence favorable to the Petitioner; (5) the Petitioner did not receive the effective assistance of counsel; and (6) the cumulative effect of the errors deprived the Petitioner of due process"). A motion to reopen the post-conviction petition was also denied and affirmed on appeal. See Lowe v. State, No. E2011-01640-CCA-R28-PC, at *1 (Tenn. Crim. App. Sept. 16, 2011) (order) (affirming the denial of the motion to reopen the post-conviction petition when the Petitioner claimed that his federal and state constitutional rights were violated as a result of post-conviction counsel's failure to present all available grounds for relief).

On September 20, 2024, the Petitioner filed a "Petition for Delayed Appeal," the subject of this appeal, alleging that he was denied direct appellate review because his counsel failed to raise the following issues on appeal: (1) that he was deprived of his freedom from bodily restraint and punishment without the procedural safeguards secured by the 4th, 5th, 6th, and 14th Amendments to the United States Constitution, (2) that the general sessions court failed to follow the statutory procedures for the appointment of counsel in alleged violation of Tennessee Code Annotated section 40-14-202, and (3) that

the general sessions court failed to follow and violated Tennessee Rule of Criminal Procedure 44 pertaining to waiver of counsel.

The post-conviction court treated the petition as a motion for a delayed appeal and, on October 31, 2024, entered an order summarily dismissing it. As relevant here, the court made the following findings of fact:

> In his most recent petition, [the Petitioner] fails to allege anything new with respect to the underlying facts; he relies on the same allegations of fact as contained in his most recent prior motions which were denied. The only difference is that, this time, [the Petitioner] doesn't allege that, based on those claimed facts, there should be a correction of alleged clerical mistakes, and that there should be a correction of his alleged illegal sentences. Rather, this time [the Petitioner] dresses up the same factual allegations in the alleged ground of ineffective assistance of counsel on appeal.

> [The Petitioner] never states how his 4th, 5th, 6th and 14th Amendment rights were violated, or what his counsel failed to raise and argue on appeal, *with the exception that* he relies, in part, on the exact same factual allegations that underlay his January and April 2024 motions: that the General Sessions Court failed to follow the statutory procedures for the appointment of counsel in alleged violation of Tenn. Code Ann. §§40-14-202 et seq., and that the General Sessions Court failed to follow and violated T. R. Cr. P. 44 for waiver of counsel. Again, the Court found those allegations to be without merit in its April 30, 2024 Order, which the Court believes to be presently pending appeal.

On November 19, 2024, the Petitioner filed a timely notice of appeal of the dismissal of his petition for a delayed appeal.

## ANALYSIS

The Petitioner seems to contend that the post-conviction court should have granted him a delayed appeal because his trial counsel failed to communicate all grounds available during his direct appeal and that the post-conviction court made erroneous findings of fact and legal conclusions in its order dismissing his petition for a delayed appeal. In response, the State argues that the post-conviction court properly dismissed the instant petition because the Petitioner had already filed a petition for post-conviction relief that was dismissed and he fails to raise a colorable claim for relief. For the reasons that follow, we conclude that summary dismissal of the petition was proper.

The Post-Conviction Procedure Act provides for a delayed appeal where a petitioner has been "denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee . . . ." Tenn. Code Ann. § 40-30-113(a)(1). A petition for a delayed appeal is treated as a post-conviction petition in that "the petitioner must comply with the [P]ost-[C]onviction [P]rocedure [A]ct to obtain a delayed appeal." Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994) (citing Owens v. State, No. 03C01-9205-CR-117, 1993 WL 133230 at *2 (Tenn. Crim. App. 1993)). While the right to a delayed appeal was established by the Post-Conviction Procedure Act, see Tenn. Code Ann. § 40-30-113(a), the procedure for implementing this right was provided in Tennessee Supreme Court Rule 28 section 9(D). State v. Evans, 108-S.W.3d 231, 235-35 (Tenn. 2003). Specifically, Rule 28 section 9(D) permits either a trial court or the Court of Criminal Appeals to grant a delayed appeal as post-conviction relief when the petitioner, through no fault of his or her own, was denied the right to file a direct appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Stokes v. State, 146 S.W.3d 56, 59 (Tenn. 2004).

However, the Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief" and states that "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. 40-30-102(c). Tennessee Supreme Court Rule 28 section 2(E) states that "[a] claim for relief is previously determined if a court of competent jurisdiction has ruled on the merits of the claim after a full and fair hearing at which petitioner is afforded the opportunity to call witnesses and present evidence." See also Tenn. Code Ann. § 40-30-106(h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence."). The Petitioner previously filed a petition for post-conviction relief in which he raised six grounds for relief. Lowe, 2008 WL 631169, at *19. After a lengthy hearing during which multiple witnesses testified, the petition was summarily dismissed based on the issues raised, and the dismissal was later affirmed by this court. Id. at *1, *14-18. Because the Petitioner received a full hearing and appeal on his original petition, the Petitioner is not entitled to a second petition for post-conviction relief. See Tenn. Code Ann. § 40-30-102(c).

In the Petitioner's reply brief, he claims that Tennessee Supreme Court Rule 28 section 8(D)(3) carves out an exception to the one petition rule because it requires the post-conviction court "to separate the delayed appeal ground from the other grounds alleged in the petition" prior to determining whether the Petitioner was denied an appeal. Rule 28 section 8(D)(3) states:

> In the event that the petition alleges that petitioner was unconstitutionally deprived of an appeal and was also entitled to relief on other grounds, the court shall bifurcate the proceedings and determine first whether petitioner was denied an appeal, while holding the other claims in abeyance. Those claims shall be considered after the outcome of the delayed appeal if allowed, or after the appeal of the claim, if denied.

Tenn. Sup. Ct. R. 28, § 8(D)(3). The only ground for relief raised in his petition is the alleged denial of his right to a direct appeal due to his trial counsel's failure to raise various issues. The Petitioner did not allege any "other grounds" that would entitle him to relief. See id. Therefore, there was nothing for the post-conviction court to bifurcate from the petition for a delayed appeal.

Finally, the Petitioner claims that the post-conviction court made "erroneous findings of fact and legal conclusions" and that his appeal "presents a challenge to erroneous facts established by the trial court." In his argument, he cites Tennessee Rule of Appellate Procedure 13(c), which states that the "Court of Criminal Appeals may consider those facts established by the evidence in the trial court and set forth in the record," and he attempts to cite Tennessee Supreme Court Rule 28 section 9(D), which states that the post-conviction order "shall contain specific findings of fact and conclusions of law relating to each issue presented." He then quotes various findings of fact in the post-conviction court's order and claims that they are erroneous. In doing so, the Petitioner does not establish that he was "denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee," Tenn. Code Ann. § 40-30-113(a)(1), nor does he raise any grounds that entitle him to post-conviction relief. See id. at § 40-30-103 ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."). Because the Petitioner has already had a post-conviction petition dismissed on the merits and his petition for a delayed appeal fails to raise any other grounds that entitle him to post-conviction relief, the dismissal of his petition was proper.

## CONCLUSION

Based on the above reasoning and authority, we affirm the judgment of the post-conviction court.

s/       Camille      R.

- 5 -

McMullen
_____

CAMILLE R. MCMULLEN, PRESIDING JUDGE