Gary Lynn SMITH, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Sept. 21, 1993.

Charles M. Corn, Dist. Public Defender, Cleveland, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Kimbra R. Spann, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., Lance Karl Hiltbrand, Asst. Dist. Atty. Gen., Athens, for appellee.

## OPINION

PEAY, Judge.

The defendant pled guilty to second degree burglary.[1] The defendant appeals as of right from the trial court's dismissal of his post-conviction petition to set aside the plea as unconstitutional.[2] We remand for an evidentiary hearing to determine whether the defendant filed his petition within the statute of limitations for the Tennessee Post–Conviction Procedure Act.

---

1. The defendant was also charged with larceny but was found not guilty of this count by the trial judge.

2. Petitioner alleges his guilty plea is unconstitutional because the trial judge failed to inform him of his Fifth Amendment right against self-incrimination in open court prior to accepting his guilty plea and therefore the trial court failed to establish that his plea was knowingly and voluntarily made as required by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the Tennessee Supreme Court in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977).

On October 12, 1976, the defendant entered a guilty plea to the charge of second degree burglary and was sentenced to three years. A Petition for Post–Conviction Relief was filed with the Clerk of Court alleging the defendant's guilty plea was void as unconstitutional. The notarization date appearing on the petition is April 22, 1988. However, the filing date stamped on the petition is November 13, 1990. The trial court held no evidentiary hearing to determine the actual date of filing. The petition was dismissed as untimely pursuant to T.C.A. § 40–30–102 which required the defendant to file no later than July 1, 1989.[3]

■ The trial court's order of dismissal was dated February 19, 1991. Notice of appeal to this Court was filed pro se on July 24, 1991.

T.R.A.P 4(a) provides that a notice of appeal shall be filed within thirty days after the date of entry of judgment. The appellate court may, however, in the interest of justice, waive the filing of such document.

The State argues that because the defendant allowed more than five months to lapse before perfecting his appeal to this Court, the appeal should be dismissed as untimely. We do not agree. The defendant was not represented by counsel at the time of his appeal. Moreover, the underlying issues of this case require resolution in order to do substantial justice.

The defendant contends that his petition was improperly dismissed since (1) the State failed to raise the statute of limitations as a defense, and (2) the trial court failed to hold an evidentiary hearing to resolve a dispute over the date of filing.

■ The statute of limitations is an affirmative defense which the State must plead and prove. *Daryl K. Burford v. State*, No.

01–C–01–9105–CR–00131, Trousdale County, 1991 WL 207923 (Tenn.Crim.App. filed October 17, 1991, at Nashville), rev'd on other grounds, 845 S.W.2d 204 (Tenn.1992). *See German Bank v. Haller*, 103 Tenn. 73, 78, 52 S.W. 288, 289 (1899); *Caccamisi v. Thurmond*, 39 Tenn.App. 245, 267–268, 282 S.W.2d 633, 644 (1955). Failure to plead and prove an affirmative defense constitutes a waiver of the defense. *See Denny v. Webb*, 199 Tenn. 39, 45, 281 S.W.2d 698, 701 (1955). This requirement safeguards against possible prejudice arising from an opponent's use of surprise tactics. *See Daryl K. Burford v. State*, No. 01–C–01–9105–CR–00131, Trousdale County, 1991 WL 207923 (Tenn.Crim. App. filed October 17, 1991, at Nashville), *rev'd on other grounds*, 845 S.W.2d 204 (Tenn.1992).

■ The State failed to raise the statute of limitations in its response to the defendant's petition for post-conviction relief. Accordingly, this defense could not be raised by the State on appeal. The trial court did not err, however, in raising the issue *sua sponte*.

The statute in question is unambiguous. T.C.A. § 40–30–102 requires that a petition for post-conviction relief must be filed by the statute of limitations deadline or "consideration of such petition *shall be barred*" (emphasis added). The mandatory language of the statute empowers the trial court to raise the statute of limitations issue and to dismiss cases filed after the deadline, regardless of whether the State has properly raised this defense.

■ Alternatively, the Sixth Circuit has held that where a defense has not been pled, but the petitioner has raised the issue in his own pleadings, there is no waiver. *Overseas Motors, Inc. v. Import Motors Ltd.*, 375 F.Supp. 499, 512–13 (E.D.Mich.1974) *aff'd on other grounds*, 519 F.2d 119 (6th Cir.1975),

---

**3.** In 1965 the United States Supreme Court recommended that the states create post-conviction procedures for the resolution of constitutional deprivations not covered under habeas corpus. *Case v. Nebraska*, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965). *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn.Crim.App.1982). The Tennessee General Assembly enacted the Post–Conviction Procedure Act in response to this suggestion. The Act was amended in 1986 with the addition of a three-year statute of limitations. Individuals with convictions dated prior to the passage of the amendment were given three years from the effective date of the amendment to file their petitions. *Abston v. State*, 749 S.W.2d 487, 488 (Tenn.Crim.App.1988). Consequently, in the case at bar, the defendant was required to file his post-conviction petition by July 1, 1989.

cert. denied 423 U.S. 987, 96 S.Ct. 395, 46 L.Ed.2d 304 (1975). In the instant case, the petitioner recognized the potential application of the T.C.A. § 40–30–102 statute of limitations in his post-conviction petition by providing "that any limitation on time allowed to [p]etition for [r]elief would not apply where a conviction and sentence was held to be void."

Affirming the trial court's right to consider the statute of limitations under these conditions does not frustrate the purpose of the plead and prove requirement. The language of the statute of limitations is unambiguous. The defendant was required to file his post-conviction petition by July 1, 1989, or it would be time barred. He was, therefore, on fair notice of the existence and applicability of the statute of limitations and could act accordingly. Moreover, since the defendant himself was actually aware of the statute of limitations, the possibility of prejudice arising from an opponent's use of surprise tactics was negated.

Petitioner does not contend that application of the statute of limitations violates his right to due process. In *Burford*, 845 S.W.2d 204 (Tenn.1992), the Tennessee Supreme Court held that T.C.A. § 40–30–102 complies with federal and state due process requirements. It noted, however, that circumstances might arise in which the application of the post-conviction relief statute of limitations would not afford a petitioner reasonable opportunity to raise his claim. *Burford*, 845 S.W.2d 204, 208. Petitioner does not raise a *Burford* issue; T.C.A. § 40–30–102 provided him with more than twelve years to present his post-conviction constitutional claim.

■ The trial court erred in refusing to allow the defendant an opportunity to present evidence as to the true date of filing. The existence of a discrepancy between the date of the affidavit and the filing date noted on the petition presented a factual issue as to the true file date. This discrepancy should have been resolved before the trial court ruled on the statute of limitations issue. Failure to do so prejudiced the defendant by cutting off his claim based on the statute of limitations when a valid issue existed as to whether it had passed at the time of filing.

We hold, therefore, that the trial court may raise the statute of limitations issue in a post-conviction proceeding *sua sponte* provided the petitioner is given an opportunity to rebut the finding that the time for filing has expired. Accordingly, we remand to the trial court for an evidentiary hearing to determine whether the defendant filed his petition within the T.C.A. 40–30–102 statute of limitations.

SUMMERS, J., and JOHN K. BYERS, Senior Judge, concur.