# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. ROY THOMAS ROGERS

**Appeal from the Circuit Court for Gibson County**
**No. 9449     Clayburn L. Peeples, Judge**

---

**No. W2015-00988-CCA-R3-CD  -  Filed March 15, 2016**

---

Following a jury trial, the Defendant, Roy Thomas Rogers, was convicted of initiating the manufacture of methamphetamine, a Class B felony; promoting the manufacture of methamphetamine, a Class D felony; possession of drug paraphernalia, a Class A misdemeanor; and criminal impersonation, a Class B misdemeanor. See Tenn. Code Ann. §§ 39-16-301, -17-425, -17-433, -17-435. The trial court imposed a total effective sentence of twelve years. On appeal, the Defendant contends (1) that the trial court erred by admitting evidence from a garbage bag found near his residence and (2) that the evidence was insufficient to sustain his convictions. However, the Defendant failed to timely file his motion for new trial, and, subsequently, his notice of appeal. Because we conclude that the interest of justice does not require us to hear the appeal, we dismiss it as untimely.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Tom W. Crider, District Public Defender; and J. Daniel Rogers, Assistant District Public Defender, for the appellant, Roy Thomas Rogers.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Garry G. Brown, District Attorney General; and Hillary Lawler Parham and Jason Scott, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On January 22, 2013, two agents of the West Tennessee Drug Task Force (DTF) went to a residence in Humboldt, Tennessee to conduct a "knock and talk" after receiving information that the Defendant was manufacturing methamphetamine at the residence.

One of the agents was familiar with the Defendant, and the other had familiarized himself with the Defendant's picture. An agent knocked on the front door of the residence, and the Defendant answered. The agent called the Defendant by his first name, and the Defendant responded, "No, I'm not Roy, I'm Tommy." When the agent called the Defendant by his first name again, the Defendant began to walk backwards and said, "No, he's in the back, I'll go get him." The other agent then caught the Defendant attempting to exit the residence through a back door.

The Defendant was brought back into the residence, and the agents spoke to him and his girlfriend. The Defendant's girlfriend consented to a search of the home. In a bedroom of the residence, the agents found "snort straws" and an aluminum foil "slider." One of the agents explained at trial that "snort straws" are used to snort or smoke methamphetamine and that a "slider" is used in heating methamphetamine for smoking. Also found in the bedroom were split lithium batteries, an intact lithium battery, and "stirring sticks." The agents testified that these items are commonly used in the production of methamphetamine. Additionally, a funnel and vice grips were found in a bedroom closet. One of the agents explained that funnels are used in most "meth labs" and that vice grips can be used to pull apart batteries to remove the lithium strips. A box of aluminum foil was found underneath the bed.

In a bathroom, the agents found Coleman camp fuel and drain cleaner. The agents explained that both items can be used in the production of methamphetamine. After searching the residence, one of the agents exited from the back door and noticed a guardrail and ditch about fifty yards from the residence. The agent walked over to the ditch and found a garbage bag which contained two plastic bottles, unused coffee filters, and a coffee filter containing gray powder. Subsequent forensic testing revealed that the gray powder was 47.21 grams of methamphetamine. The agent who found the garbage bag testified that it had a unique draw string and that a box of similar garbage bags was found in the residence. The Defendant denied living at the residence. However, the utilities were registered in his name and, upon his arrest, he provided the address for the home as his residence.

Based upon the foregoing, the jury convicted the Defendant of initiating the manufacture of methamphetamine, promoting the manufacture of methamphetamine, possession of drug paraphernalia, and criminal impersonation. The trial court imposed a total effective sentence of twelve years. The judgments of conviction were entered on March 18, 2015. The Defendant did not file his motion for new trial until April 21, 2015, four days after the thirty-day period to file such a motion had expired. See Tenn. R. Crim. P. 33(b). On May 20, 2015, the trial court entered a written order denying the Defendant's motion for new trial. The Defendant filed a notice of appeal on May 27, 2015.

On appeal, the Defendant contends that the trial court erred in admitting evidence from the garbage bag found near his residence and that the evidence was insufficient to sustain his convictions. However, the State responds that the Defendant's first issue is waived due to his failure to file a timely motion for new trial and that we should dismiss the Defendant's appeal without addressing his sufficiency claims because the Defendant "has failed to demonstrate (or even claim) that the interests of justice require a waiver of the requirement for the timely filing of a notice of appeal." We agree with the State.

"A motion for new trial shall be in writing or, if made orally in open court, be reduced to writing, within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b) (emphasis added). The thirty-day period for filing a motion for new trial "is jurisdictional and cannot be expanded." State v. Hatcher, 310 S.W.3d 788, 800 (Tenn. 2010). As such, "[a] trial judge does not have jurisdiction to hear and determine the merits of a motion for new trial which has not been timely filed." State v. Bough, 152 S.W.3d 453, 460 (Tenn. 2004). Failure to timely file a motion for new trial causes all issues to be "deemed waived except for sufficiency of [the] evidence and sentencing." Id. This court does not have the authority to waive the untimely filing of a motion for new trial. State v. Stephens, 264 S.W.3d 719, 728 (Tenn. Crim. App. 2007). Accordingly, the Defendant's issue regarding the admissibility of the evidence found in the garbage bag is waived.

Likewise, a notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). An untimely motion for new trial will not toll this thirty-day period. State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987). Unlike the motion for new trial, the notice of appeal document in criminal cases "is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Such a waiver, though, "is not automatic." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). In determining whether the interest of justice necessitates a waiver, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors." Id. (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005) (quotation marks omitted).

While the delay in filing the Defendant's motion for new trial was only four days, the notice of appeal was filed over two months after the thirty-day window expired. More troubling, the Defendant has offered no excuse for either delay and has not sought a waiver from this court for his untimely notice of appeal. In fact, the Defendant remained silent even after the State raised this issue in its brief.[1] The Defendant's failure to request

---

[1] At this point, we note that the better practice is for parties to file in this court either a motion requesting a waiver pursuant to Tennessee Rule of Appellate Procedure 4(a) or a motion to dismiss due to an

a waiver and subsequent silence on the issue weigh heavily against our excusing his untimely notice of appeal. Furthermore, this court may take "into consideration the merits of the appeal." Charles Steven Shivers v. State, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015) (citing Smith v. State, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993)), perm. app. denied (Tenn. July 20, 2015). Having reviewed the record and the Defendant's arguments, we find his sufficiency claims to be of little merit. Accordingly, we conclude that the interest of justice does not warrant waiver of the notice of appeal requirement, and we dismiss the appeal as untimely.

Upon the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

---

untimely notice of appeal prior to briefing or the case being docketed. See Rockwell, 280 S.W.3d at 214.

-4-