IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2016

## STATE OF TENNESSEE v. DARREL PATHRICE MCNEAL

**Appeal from the Circuit Court for Madison County**
**No. 14-122   Donald H. Allen, Judge**

---

### No. W2015-00316-CCA-R3-CD  -  Filed March 29, 2016

---

Following a jury trial, the Defendant, Darrel Pathrice McNeal, was convicted of aggravated robbery, a Class B felony, and evading arrest, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-13-402, -16-603(a)(1).  On appeal, the Defendant challenges only the sufficiency of the evidence underlying his conviction for aggravated robbery. However, because the Defendant filed an untimely notice of appeal and the interest of justice does not favor waiver of the timely filing requirement in this case, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson Tennessee, for the appellant, Darrel Pathrice McNeal.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; James G. ("Jerry") Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the light most favorable to the State, the evidence presented at trial showed that at approximately 10:45 p.m. on October 31, 2013, Markita Rodgers was leaving a Pizza Hut in Jackson, Tennessee, where she worked as a manager.  She had just finished closing the store for the night, and she had a bank bag containing money for the store's daily deposit, which she placed in her purse.  Ms. Rodgers exited the store through the front door, which she then locked, and walked towards a car parked about thirty feet from the door, where her boyfriend, Billy Long, was waiting to give her a ride.  Before she reached the car, a man jumped out from behind some bushes, pointed a gun at her head, and demanded her purse.  The man grabbed her purse and ran away.

Ms. Rodgers called the police, and several officers responded within two to three minutes. She described her assailant as a black male, about six-feet tall, with dreadlocks. She said he was wearing dark clothing and had a white bandana over his face. She pointed the officers in the direction that the man had fled on foot, and some of the officers left in pursuit of the assailant while others remained to finish taking statements from Ms. Rodgers and Mr. Long.

The two officers who were searching for the assailant quickly spotted a man running nearby who fit the victim's description of the robber. One of the officers observed what he believed was a gun in the suspect's hand. The man was pursued for several minutes by the officers, who were assisted by a police dog. The suspect was eventually apprehended by the police dog. The suspect was not wearing any shoes and did not have a gun or the victim's purse on his person. However, a search of the area where he had been running turned up a pair of shoes, a .380 Highpoint handgun, a long-sleeved black shirt, a white shirt, and Ms. Rodgers's purse with the bank bag inside.

The arresting officers confirmed that the suspect matched the description given by Ms. Rodgers. Ms. Rodgers was driven in a police car to a parking lot where police had the suspect handcuffed, and she positively identified him as the man who robbed her. In the courtroom, she identified that man as the Defendant.

The Defendant was taken to the hospital where he was treated for a dog bite sustained during his capture. He was then taken to the police station, and after signing a rights waiver, he gave a statement that same night. In his statement, he admitted that he had robbed Ms. Rodgers, stating that he had waited outside the Pizza Hut until the victim left the building. He claimed that he did not have a gun. Rather, he said that he held his cell phone in his left hand and pointed it at her "as if it was a gun" and demanded her purse. He also said that he had a white t-shirt over his face during the robbery and that he ran from the police before being apprehended.

Upon this evidence, the jury convicted the Defendant of aggravated robbery and evading arrest, and he received a total effective sentence of twelve years, eleven months, and twenty-nine days.

On appeal, the Defendant contends that the evidence supporting his aggravated robbery conviction is insufficient. The State first responds by asking us to dismiss the Defendant's appeal because of his failure to timely file a notice of appeal. The Defendant does not respond to this request, does not ask us to waive timely filing of the notice, and, in fact, asserts in his brief that the notice of appeal was "timely filed" and that "this case is properly before" the court.

A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). When a timely motion for new trial is filed, the thirty-day period for filing a notice of appeal begins to run "from entry of the order denying a new trial . . . ." Tenn. R. App. P. 4(c). Unlike the motion for new trial, the notice of appeal document in criminal cases "is not jurisdictional[,] and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Such a waiver, though, "is not automatic." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Indeed, "[i]f this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id. (quoting Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). In determining whether the interest of justice necessitates such a waiver, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors. Id. (quoting State v. Marrkettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)) (quotation marks omitted).

Following the entry of judgments on December 4, 2014, the Defendant filed a timely pro se motion for new trial on December 29, 2014. At the time, he was still represented by counsel, but the trial court nonetheless scheduled a hearing on the motion for January 20, 2015. The order denying the motion for new trial was entered on January 21, 2015. Thus, the Defendant's notice of appeal was due on February 20, 2015, but was not filed until February 23, 2015.

Briefly, we think it necessary to discuss the circumstances under which the motion for new trial was filed. On the date of the hearing on the motion for new trial, counsel filed an amended motion for new trial, alleging the evidence was insufficient and requesting that he be allowed to withdraw as counsel because he had been retained for the trial but not an appeal.[1] The amended motion for new trial was the first motion that counsel filed on behalf of the Defendant during the course of his representation—the Defendant had previously filed three pro se pre-trial motions. A trial court is not required to accept a defendant's pro se motion while he is represented by counsel. See State v. Burkhart, 541 S.W.2d 365, 371 (Tenn. 1976). Given the perils of failing to timely file a motion for new trial, counsel's reliance on the Defendant to timely file this important motion was exceedingly unwise and borders on deficient performance. See Wallace v. State, 121 S.W.3d 652, 657 (Tenn. 2003) (holding that counsel's failure to withdraw so that defendant could proceed pro se coupled with his failure to timely file a motion for new trial put the defendant in a "Catch-22 predicament" and "clearly fell below the

---

[1] However, after some discussion at the hearing, counsel was appointed to represent the Defendant on appeal.

established professional norms"). We take this opportunity to issue a reminder that where an attorney has been retained for trial but not an appeal, he has a responsibility to take the "necessary steps to preserve post-trial remedies, including the filing of a motion for new trial . . . ." Id. (citing Tenn. R. Crim. P. 37(e) ("An attorney retained by the defendant to represent the defendant for the trial and not upon appeal, shall timely advise the trial court of this fact at the hearing on the motion for a new trial. Thereupon, such counsel will be permitted to withdraw as counsel of record.")).

Returning to the notice of appeal issue, although the State raised this issue in its brief, the Defendant has not responded or offered any reason why the interest of justice necessitates waiver of timely filing in this case.[2] In fact, based on the assertion in his brief, the Defendant apparently believes that his notice of appeal was timely. However, he is mistaken, and rather than making an effort to explain this failure in a reply brief, he has chosen to remain silent on the matter. That silence does little in the way of convincing us to grant reprieve in this particular case.

Furthermore, this court may "take[] into consideration the merits of the appeal." Charles Steven Shivers v. State, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015) (citing Smith v. State, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993)), perm. app. denied (Tenn. July 20, 2015). Other than the brief recitation of the relevant law, the entirety of the Defendant's sufficiency argument consists of the following:

> The Defendant argues that the State did[3] prove the elements of [a]ggravated [r]obbery [b]eyond a [r]easonable [d]oubt. [The Defendant] testified that he did not commit these crimes as indicted.
>
> When asked why he was a suspect [the Defendant] testified the [sic] he was in the area and was intoxicated. [The Defendant] testified that he didn't need to rob anybody.

Even if we were inclined to waive timely filing of the notice of appeal, we note that the brevity of the Defendant's argument qualifies it for waiver pursuant to Tennessee Rule of

---

[2] At this point, we note that the better practice is for parties to file in this court either a motion requesting a waiver pursuant to Tennessee Rule of Appellate Procedure 4(a) or a motion to dismiss due to an untimely notice of appeal prior to briefing or the case being docketed. See Rockwell, 280 S.W.3d at 214.

[3] We assume that the Defendant intended to write that the State did not prove the elements of the offense; however, we have reproduced the quote as actually written in his brief.

-4-

Appellate Procedure 27(a) and Rule 10(b) of the Rules of the Court of Criminal Appeals.[4] ("Issues which are not supported by argument . . . will be treated as waived in this court.") The inadequacy of the Defendant's argument section lends further support to our ultimate determination that the interest of justice does not require waiver in this case. Although the Defendant only missed the filing deadline by three days, he has offered no reason for his failure to adhere to Rule 4(a).

Based upon the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[4] The significance of the brief's inadequacy is compounded by the fact that the brief was late-filed after the grant of three motions for extensions of time.