IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2018

KERRY V. COVINGTON v. STATE OF TENNESSEE

Appeal from the Circuit Court for Cheatham County
No. 2014-CR-17354    Larry J. Wallace, Judge

No. M2017-02175-CCA-R3-PC

The Petitioner, Kerry V. Covington, appeals from the Cheatham County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that his nolo contendere pleas were not knowingly and voluntarily entered because he received ineffective assistance from his trial counsel due to trial counsel's having a conflict of interest. However, the Petitioner failed to timely file his notice of appeal. Because we conclude that the interest of justice does not require waiver of this requirement, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

James L. Baum, Pegram, Tennessee, for the appellant, Kerry V. Covington.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Wendall Ray Crouch, Jr., District Attorney General; and Robert S. Wilson, Deputy District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner was indicted for one count of aggravated burglary, two counts of theft of property valued at $1,000 or more but less than $10,000, one count of aggravated robbery, two counts of aggravated kidnapping, and two counts of aggravated rape. The District Public Defender's Office declined appointment to represent the Petitioner because the District Public Defender was a close friend of one of the victims and her family. Thereafter, trial counsel, a private attorney, was appointed to represent the Petitioner.

The Petitioner's case was set for trial and continued on two occasions. In March 2015, trial counsel accepted a part-time position with the District Public Defender's Office. Trial counsel had no physical office with the District Public Defender's Office at that time. Trial counsel had not spoken to the District Public Defender about the facts of the Petitioner's case or their trial strategy. However, the District Public Defender informed trial counsel of his relationship with a victim and her family and advised trial counsel to file a motion to withdraw as the Petitioner's attorney. Trial counsel filed said motion on March 19, 2015.

The trial court held a hearing on the matter on March 27, 2015. The trial court noted that the Petitioner's trial was scheduled to begin on March 31, 2015. At the time of the hearing, trial counsel had been employed with the District Public Defender's Office for seventeen days. The Petitioner was unaware of trial counsel's potential conflict of interest until the day of the hearing. The Petitioner testified that he understood that trial counsel was representing him as a private attorney and not "through the [P]ublic [D]efender's [O]ffice." However, the Petitioner testified that he did not want anyone associated with the District Public Defender's Office representing him.

The trial court denied trial counsel's motion to withdraw. On March 30, 2015, the Petitioner entered into a plea agreement with the State. The Petitioner agreed to plead nolo contendere to one count of aggravated burglary, two counts of theft of property valued at $1,000 or more but less than $10,000, one count of aggravated robbery, and one count of aggravated rape in exchange for a total effective sentence of forty years and dismissal of the remaining charges. At the plea submission hearing, the trial court reviewed the rights that the Petitioner would be waiving. The Petitioner stated that he "wish[ed] to proceed" in entering his pleas, that he had reviewed the plea agreement with trial counsel, and that he was entering his pleas freely and voluntarily.

On May 12, 2015, the Petitioner filed a timely pro se petition for post-conviction relief. Among other allegations, the Petitioner alleged that trial counsel was ineffective because he had a conflict of interest due to his part-time employment with the District Public Defender's Office. This was the only allegation addressed at the evidentiary hearing. The Petitioner did not testify at the evidentiary hearing. Trial counsel testified that he believed the Petitioner entered his nolo contendere pleas knowingly and voluntarily.

The post-conviction court entered a written order denying the petition on September 22, 2017. The Petitioner's notice of appeal was not filed until November 8, 2017. On appeal, the Petitioner contends that his nolo contendere pleas were not knowingly and voluntarily entered because he received ineffective assistance from his trial counsel due to trial counsel's having a conflict of interest. The State responds that we should dismiss the Petitioner's appeal because his notice of appeal was untimely filed.

A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). The notice of appeal document in criminal cases "is not jurisdictional and the filing of such document may be waived in the interest of justice." Id. Such a waiver, though, "is not automatic." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). In determining whether the interest of justice necessitates a waiver, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors." Id. (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)) (quotation marks omitted).

The Petitioner's notice of appeal was filed seventeen days after the thirty-day deadline. More troubling, however, is that the Petitioner has offered no excuse for this delay and has not sought a waiver from this court for his untimely notice of appeal. In fact, the Petitioner remained silent even after the State raised this issue in its brief.[1] The Petitioner's failure to request a waiver and subsequent silence on this issue weigh heavily against our excusing his untimely notice of appeal.

Furthermore, this court may take "into consideration the merits of the appeal." Charles Steven Shivers v. State, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015) (citing Smith v. State, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993)). Here, the Petitioner challenges the voluntariness of his nolo contendere pleas. However, he did not testify at the post-conviction hearing. See Tenn. Code Ann. § 40-30-110(a) (requiring a petitioner to testify at the post-conviction hearing "if the petition raises substantial questions of fact as to events in which the petitioner participated"); see also Tenn. Sup. Ct. R. 28, § 8(C)(1)(b) (stating the same). As such, the Petitioner failed to prove his factual allegations with respect to this issue by clear and convincing evidence. Accordingly, we conclude that the interest of justice does not warrant waiver of the notice of appeal requirement, and we dismiss the appeal as untimely.

Upon the foregoing and the record as a whole, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[1] At this point, we note that the better practice is for parties to file in this court either a motion requesting a waiver pursuant to Tennessee Rule of Appellate Procedure 4(a) or a motion to dismiss due to an untimely notice of appeal prior to briefing or the case being docketed. See Rockwell, 280 S.W.3d at 214.