IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2021

**ROBERT ECHOLS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 11-00459      Paula L. Skahan, Judge**

———————————

**No. W2019-01982-CCA-R3-PC**

———————————

The Petitioner, Robert Echols, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief. The Petitioner argues that trial counsel was ineffective for advising the Petitioner not to testify at trial and for failing to timely file a motion for new trial. However, because the Petitioner filed an untimely notice of appeal document and the interest of justice does not favor waiver of the timely filing requirement in this case, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

T. Joel Williams (at hearing and on appeal), and Robert Brooks (at hearing), Memphis, Tennessee, for the appellant, Robert Echols.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie R. Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

Following a jury trial, the Petitioner was convicted of aggravated robbery, aggravated burglary, and theft of property valued at $1,000 or more. See State v. Robert Echols, No. W2013-02044-CCA-R3-CD, 2014 WL 6680669, at *1 (Tenn. Crim. App. Nov. 26, 2014, perm. app. denied (Tenn. Mar. 13, 2015). He received an effective twenty-year sentence. Id. at *10.

Prior to trial, the Petitioner filed a motion challenging the statement he gave to the authorities confessing to his involvement in the crime; that motion was denied. Robert Echols, 2014 WL 6680669, at *15. In addition, the victim died of natural causes prior to the Petitioner's trial. Id. at *4. The trial court, over the Petitioner's objection, permitted the State to play a recording of the victim's preliminary hearing testimony for the jury. Id. at *13-15. At trial, much of the incriminating evidence against the Petitioner was introduced by the State through the Petitioner's police statement and the victim's preliminary hearing testimony.

The following proof was adduced at trial. The Petitioner indicated that he was walking through a neighborhood when he came upon a house that he thought might be empty. Robert Echols, 2014 WL 6680669, at *7. The Petitioner said that he entered the home looking for money or items he could sell in order to obtain money for purchasing drugs. Id. According to the elderly victim, he was getting ready for a shower when the Petitioner approached him from behind and forced him to his bedroom; once there, the Petitioner placed the victim in a chair, covered him with a sheet, tied him up with restraints, and threatened him with a steak knife. Id. at *1, 3. The Petitioner told the victim that he would kill him if he raised the sheet again, and the victim described himself as "so scared" and prayed out loud continually. Id. at *3-4. The Petitioner ransacked the victim's home and took two wallets, two cell phones, cash, and a $700 video camera. Id. at *3, 6. He loaded the items into the victim's car, took the victim's keys, and left the home in the victim's car. Id. at *3, 6-7. The victim told the police that he did not know the robber and had never seen him before. Id. at *2.

The following day, the Petitioner was seen driving the victim's car; the Petitioner fled on foot from the vehicle before eventually being apprehended. Robert Echols, 2014 WL 6680669, at *4-5. After the Petitioner's arrest, he was interviewed by police and admitted that he robbed the victim by taking "a video camera, wallet, $10," and the victim's car. Id. at *6-7. The Petitioner also stated that he had been up for eight days doing drugs prior to the incident. Id. Although the Petitioner refused to sign the written statement, he verified its accuracy and signed an "Advice of Rights" form. Id. at *7, 15.

At the preliminary hearing, the victim identified the Petitioner as the man who robbed him. Robert Echols, 2014 WL 6680669, at *3. The victim also said that he did not give the Petitioner permission to come into his home, and he did not give him permission to take any of these items. Id. at *4.

In support of his defense, the Petitioner presented his niece as a witness. Robert Echols, 2014 WL 6680669, at *8. The niece stated that she "dropped the [Petitioner] off several times . . . where the victim's house was located" and that "she saw someone open the door to that house when she dropped off the [Petitioner]" on the occasion in question.

- 2 -

Id.  According to his niece, the Petitioner "had been addicted to crack cocaine for as long as she could remember."  Id.

The Petitioner filed a direct appeal, arguing that (1) the admission of the victim's preliminary hearing testimony violated his constitutional right to confront and cross-examine witnesses against him; (2) the trial court erred when it admitted into evidence the unsigned statement of the Petitioner; (3) the evidence was insufficient to sustain his convictions; and (4) the trial court erred when it sentenced him.  Robert Echols, 2014 WL 6680669, at *1.  On appeal, this court noted that all issues other than the Petitioner's challenges to the sufficiency of the evidence and sentencing were waived by his failure to timely file a motion for new trial; accordingly, we reviewed the sufficiency and sentencing issues under plenary review.  Id. at *12.  Then, we waived the Petitioner's untimely notice of appeal and reviewed the Petitioner's evidentiary challenges for plain error.  Id. Ultimately, this court concluded that the Petitioner was not entitled to relief and affirmed the trial court's judgments.  Id. at *1, *12-20.

On June 2, 2015, the Petitioner timely filed a pro se petition for post-conviction relief, raising, among other things, a general allegation of ineffective assistance of counsel. After the appointment of post-conviction counsel, an amended petition was filed on December 9, 2015.  In the amended petition, the Petitioner asserted that preliminary hearing counsel was ineffective for failing to advise the Petitioner of his right to waive his preliminary hearing and for failing to fully and effectively cross-examine the victim, Daniel Porter, at the preliminary hearing.  Relative to trial counsel, the Petitioner alleged ineffective assistance in the following ways: (1) by failing to timely file a motion for a new trial, waiving all issues except sufficiency of the evidence and sentencing; (2) by failing to timely file a notice of appeal, which resulted in waiver of the Petitioner's claims and review on appeal via the plain error doctrine; (3) by failing to investigate or seek out exculpatory evidence prior to trial; (4) for failing to inform the Petitioner of defenses and legal arguments; (5) by failing to perform an adequate pretrial investigation of the facts; (6) by failing to raise the issue of voluntary intoxication and failing to ask for a jury instruction on voluntary intoxication, as well as failing to investigate the effects of drugs and alcohol on the Petitioner and his ability to form the requisite intent to commit the crimes; (7) for failing to adequately investigate all aspects of the case; and (8) for failing to adequately meet with and communicate with the Petitioner.

Hearings were held on Petitioner's request for post-conviction relief on August 4, 2017, February 2, 2018, and April 30, 2019.[1]  During these hearings, both the Petitioner and trial counsel testified.[2]

The Petitioner testified that he did not want to go trial because he "knew [that he] had a bad criminal record."  Though the Petitioner contended that trial counsel failed to present any viable defense, the Petitioner admitted that he was involved in these crimes and said that he was only contesting how the State portrayed his conduct.  The Petitioner did not offer any testimony asserting that his trial counsel rendered ineffective assistance by advising him not to testify at trial.

Trial counsel testified that because the Petitioner was caught "dead to the rights" in possession of the victim's property, his trial strategy was that the Petitioner had "a drug problem" that "affected his thinking" in the hope that a member "on the jury [would be] sympathetic."  Moreover, trial counsel indicated that he called the Petitioner's niece in an effort to present the defense.  Trial counsel stated that he did not call the Petitioner as a witness because the Petitioner had six prior felonies "for burglaries and theft," as well as "a bunch of misdemeanors," admission of which "would have been very detrimental to [the Petitioner's] case."  Trial counsel confirmed that the Petitioner did not want to go to trial, but the Petitioner refused any of the plea offers.

Following the conclusion of trial counsel's testimony, no argument was made by either side.  Thereafter, the post-conviction court entered an order denying relief on October 2, 2019.  In the order, the post-conviction court concluded that the Petitioner had failed to establish that he was denied effective assistance of counsel.  Specifically, addressing the Petitioner's allegation that trial counsel was ineffective "by not conversing with [the] Petitioner enough throughout the course of representation and by not appropriately challenging the State's introduction of preliminary hearing testimony during trial," the post-conviction court found that trial counsel "acted reasonably during his representation" of the Petitioner and that there was no showing of prejudice to the Petitioner.  In addition, the post-conviction court addressed the Petitioner's claim regarding admission of the victim's preliminary hearing testimony at trial as a stand-alone issue and determined that the Petitioner's "constitutional right to confront adverse witnesses was not infringed."

---

[1] The relationship between the Petitioner and his lawyer deteriorated so much so that new post-conviction counsel was appointed between the second and third hearings.

[2] Though additional testimony was given at these hearings, in the interest of brevity, we will limit our recitation to the facts necessary to adjudicate this appeal.

The Petitioner's notice of appeal document was filed on November 6, 2019. In the document, post-conviction counsel notated that the document was sent by certified mail with return receipt requested to the appellate court clerk's office on November 4, 2019. The case is now before us for our review.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel was ineffective for advising the Petitioner not to testify at trial because the Petitioner and the victim were the only individuals present when the crime allegedly occurred, only the Petitioner could present his side of the story since the victim was deceased by the time of trial, the Petitioner was the only one who could rebut the transcript of the victim's preliminary hearing testimony, and the Petitioner was the only person who could testify as to the nature of his relationship with the victim. The Petitioner also contends that trial counsel was ineffective for failing to timely file a motion for new trial, thereby prohibiting this court from reviewing the Petitioner's issues via plenary review.

The State notes in its brief that the Petitioner filed an untimely notice of appeal. Though the State does specifically request that this court dismiss the Petitioner's appeal for that reason, it does assert that the Petitioner has failed to demonstrate that his untimely notice of appeal should be excused in the interest of justice.

A petitioner may appeal from a final judgment in a post-conviction proceeding by filing a notice of appeal and shall designate the judgment from which relief is sought. See Tenn. R. App. P. 3(b), (f). A notice of appeal must be filed "within [thirty] days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Rule 20(a) of the Tennessee Rules of Appellate Procedure provides that "[f]iling shall not be timely unless the papers are received by the clerk within the time fixed for filing or mailed to the office of the clerk by certified return receipt mail or registered return receipt mail within the time fixed for filing."

The notice of appeal document in criminal cases "is not jurisdictional[,] and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Such a waiver, though, "is not automatic." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Indeed, "[i]f this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id. (quoting Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). In determining whether the interest of justice necessitates such a waiver, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors. Id. (quoting State v.

Marrkettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)).

The order denying post-conviction relief was filed on October 2, 2019, which was the final judgment appealed from and triggered the thirty-day filing requirement. Thus, the Petitioner's notice of appeal was due on November 1, 2019, but it was not filed with the clerk's office until November 6, 2019 in violation of Tennessee Rule of Appellate Procedure 4(a). It also was not sent to the clerk's office by certified return receipt mail until November 4, 2019, which does not comply with Tennessee Rule of Appellate Procedure 20(a).

The Petitioner does not respond to the State's assertion in its brief regarding the untimely notice of appeal and does not ask us to waive timely filing of the notice. He has not offered any reason why the interest of justice necessitates waiver of timely filing in this case. He has chosen to remain silent on the matter, and that silence does little in the way of convincing us to grant reprieve in this particular case. Furthermore, this court may "take[] into consideration the merits of the appeal." Charles Steven Shivers v. State, No. M2014-00455-CCA-R3-PC, 2015 WL 1598050, at *2 (Tenn. Crim. App. Apr. 7, 2015) (citing Smith v. State, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993)).

Regarding the Petitioner's argument that trial counsel was ineffective for advising the Petitioner not to testify at trial, the State correctly observes that the Petitioner did not raise this ground in either of his petitions for post-conviction relief. See Tenn. Code Ann. § 40-30-104(d), (e) (requiring a petitioner to include all claims known to him for granting relief and to verify under oath that all the claims are included, as well as to include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding); see also Tenn. Code Ann. § 40-30-110(c), (f) (limiting the proof at the post-conviction hearing to "evidence of the allegations of fact in the petition" and noting that there "is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived"). In addition, no argument was made in this regard at any of the evidentiary hearings, and accordingly, the post-conviction court did not render a ruling on the issue. See Holland v. State, 610 S.W.3d 450, 458 (Tenn. 2020) ("Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing and decided by the post-conviction court without objection." (citations omitted)). The Petitioner's argument in this regard qualifies for waiver. Moreover, the Petitioner never suggested that he wanted to testify at trial, much less did he offer any evidence as to what he would have testified had he been called as a trial witness. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (concluding that neither

a post-conviction court nor this court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial).

Next, relative to trial counsel's failure to timely file a motion for new trial, the Petitioner's contention that the untimely motion for new trial barred this court from plenary review of the sufficiency of the evidence and his sentence is incorrect. This court reviewed both issues under plenary review and found them to be without merit. Robert Echols, 2014 WL 6680669, at *12, 16-20. Moreover, relative to the Petitioner's evidentiary issues, this court reviewed the Petitioner's challenges to the admission of the victim's preliminary hearing testimony and his unsigned statement for plain error and found that the trial court's admission of both did not amount to a breach of a clear and unequivocal rule of law. Id. at *12-16. Full consideration of these evidentiary issues on direct appeal would not have changed the outcome, and the Petitioner cannot establish any prejudice. See Howard v. State, 604 S.W.3d 53, 63-644 (Tenn. 2020) (holding that where trial counsel failed to file a timely motion for new trial, a subsequent claim of ineffective assistance of counsel is not presumptively prejudicial but should instead be analyzed under the Strickland analysis).

The merits of the Petitioner's arguments lend further support to our ultimate determination that the interest of justice does not require waiver in this case. Although the Petitioner only missed the certified mailing deadline by three days, he has offered no reason for his failure to adhere to the procedural rules for timely filing a notice of appeal document. Based upon the foregoing and the record as a whole, the appeal is dismissed.

## CONCLUSION

In accordance with the foregoing, the appeal is dismissed due to the Petitioner's failure to timely file a notice of appeal.

_____

D. KELLY THOMAS, JR., JUDGE