FILED

09/20/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2024

**STATE OF TENNESSEE v. ROBERT ALLEN TURNER**

**Appeal from the Criminal Court for Davidson County**
**No. 2017-C-2183     Mark J. Fishburn, Judge**

_____

**No. M2023-01832-CCA-R3-CD**

_____

The Defendant, Robert Allen Turner, was convicted in the Davidson County Criminal Court of aggravated robbery and two counts of possession of a firearm with intent to go armed and received an effective twelve-year sentence. The Defendant did not file a direct appeal of his convictions but filed a petition for post-conviction relief based on the ineffective assistance of counsel. The post-conviction court ultimately determined that the Defendant was entitled to a delayed appeal. On appeal, the Defendant claims that the evidence is insufficient to support his aggravated robbery conviction and that the trial court erred by sentencing him as a Range II, multiple offender for that conviction. Based upon our review, we conclude that the post-conviction court was without jurisdiction to grant a delayed appeal because the post-conviction petition was untimely. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Timothy Carter (on appeal) and Karl E. Pulley (at trial), Nashville, Tennessee, for the appellant, Robert Allen Turner.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy H. Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case relates to an altercation that occurred between the Defendant and Michael and Phillip Taylor on September 3, 2016. In September 2017, the Davidson County Grand Jury indicted the Defendant for the attempted first degree premeditated murder of Michael Taylor, the attempted first degree premeditated murder of Phillip Taylor, two counts of employing a firearm during the commission of a dangerous felony while having a prior felony conviction, aggravated robbery with a deadly weapon of Phillip Taylor, aggravated assault with "a length of chain" and causing bodily injury to Michael Taylor, and aggravated assault with a pocketknife and causing bodily injury to Michael Taylor. The Defendant went to trial in March 2019.

The proof showed that Michael Taylor, who was seventy-three years old at the time of trial, and the Defendant, who was sixty-three years old at trial, were well-acquainted plumbers with their own plumbing businesses. Michael's son, Phillip, was a licensed contractor and worked with Michael.[1] About one week before the altercation, Michael asked to borrow the Defendant's backhoe to do some digging work for a plumbing job, and the Defendant agreed. Michael testified that he replaced a leaking hose on the backhoe while the backhoe was in his possession. The Defendant testified that Michael returned the backhoe to him in damaged condition. Specifically, the Defendant claimed that yellow parts on his machine had been swapped with black parts and that the machine's boom, or bucket, fell off. The Defendant described the backhoe as "a piece of junk" and thought Michael owed him for the damages.

On September 3, 2016, the Defendant went to Michael's jobsite to talk with him about the backhoe. Michael testified that when the Defendant arrived, the Defendant threw a metal link chain at him, striking him in the shoulder and chest; that the Defendant grabbed him; and that Phillip came to his aid. Phillip and the Defendant got into a physical fight. Phillip took a pocketknife from the Defendant during the fight, and the Defendant ended up with a black eye and a gash on his forehead. Michael and Phillip testified that after the fight, the Defendant retrieved a revolver from his work van, chased them, shot at them, and demanded money. Phillip put cash on the windshield of the van so the Defendant would leave. The Defendant grabbed money, got into the van, and drove away.

During the melee, Phillip dropped his cellular telephone. The telephone recorded the latter part of the altercation, and the State played the video for the jury. The video, which we have reviewed, showed Phillip crouching behind a vehicle and yelling repeatedly, "Daddy, get back!" The Defendant was holding the revolver and chased Phillip. Michael pleaded with the Defendant, and Phillip yelled, "Here's your money!" The Defendant said, "I'm gonna kill ya. I'm gonna kill ya." The Defendant then pointed

---

[1] Because Michael and Phillip Taylor share a surname, we will refer to them by their first names for clarity. We mean no disrespect to the witnesses.

the gun and said, "Get back. Get back." The Defendant told Phillip to drop the money, and Michael told the Defendant to "get it and go." The Defendant asked, "How much is it?" Phillip answered, "It's about $2,000." The Defendant fired one shot at Michael, who was standing just a few feet from the Defendant, and fled in the van.

At the conclusion of the proof, the jury convicted the Defendant of aggravated robbery of Phillip as charged in the indictment and two counts of possession of a firearm with intent to go armed as a lesser-included offense of employing a firearm during the commission of a dangerous felony. The jury found the Defendant not guilty of the remaining charges. On May 15, 2019, the trial court sentenced the Defendant as a Range II, multiple offender to twelve years for aggravated robbery, a Class B felony. The trial court sentenced him to eleven months, twenty-nine days for his convictions of possession of a firearm, a Class A misdemeanor; merged the two convictions; and ordered that he serve the three sentences concurrently for a total effective sentence of twelve years.

The Defendant did not file a direct appeal of his convictions. On July 16, 2021, he filed a pro se petition for post-conviction relief in which he alleged the ineffective assistance of counsel in that trial counsel failed to interview potential witnesses, failed to file pretrial motions, and failed to meet with him adequately. The Defendant also alleged that he advised trial counsel to file a timely petition for post-conviction relief but that trial counsel "totally ignored" him. On August 11, 2021, the post-conviction court entered an order finding that the petition stated a colorable claim and appointing counsel. The post-conviction court gave the Petitioner thirty days to file an amended petition or written notice that no amended petition would be filed. The Defendant did not file either document. Instead, almost nine months later, on May 5, 2022, he filed a "Motion for new Trial and/or Delayed Appeal." In the motion, the Defendant stated:

> Petitioner was not given the opportunity to appeal by his trial Counsel. At the time, it would seem that Petitioner would be content with a conviction on the lesser indicted offense of aggravated robbery, but this was due to a lack of understanding and communication by Counsel and Client.

On August 8, 2022, the post-conviction court entered an order "by agreement of the parties" in which the court determined that "a Motion for New Trial was not filed or waived in this case" and granted the Defendant a delayed appeal. The court directed the Defendant to file a motion for new trial within thirty days and dismissed the post-conviction petition without prejudice. On August 24, 2022, the Defendant filed a motion for new trial, claiming that the evidence was insufficient to support his aggravated robbery conviction and that the State failed to establish his status as a Range II, multiple offender for that conviction. The trial court held several hearings and denied the motion.

- 3 -

## ANALYSIS

On appeal, the Defendant maintains that the evidence is insufficient to support his conviction of aggravated robbery and that the State failed to establish beyond a reasonable doubt his status as a Range II, multiple offender. The State argues that the evidence is sufficient and that the Defendant has waived his claim regarding his status as a Range II, multiple offender because he failed to raise it at sentencing. However, neither the Defendant nor the State has addressed a jurisdictional problem with this case.

The post-conviction court granted the Defendant a delayed appeal on the basis that trial counsel failed to file a motion for new trial. Apparently, the post-conviction court found that trial counsel was ineffective in that regard. However, in order to obtain a delayed appeal, a petitioner must comply with the Post-conviction Procedure Act. *Handley v. State*, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994). Under the Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id*.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which are applicable here. *See* Tenn. Code Ann. § 40-30-102(b). In addition to the three narrow exceptions, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. *See Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) ("[W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-[1]02(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner."); *see also Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992).

As our supreme court explained in *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014):

> We recently clarified Tennessee's due process tolling standard in *Whitehead v. State*. We held that a post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. *Whitehead v. State*, 402 S.W.3d [615,] 631 [(Tenn. 2013)] (citing *Holland v. Florida*, 560 U.S. 631, 648-49, 130 S. Ct. 2549, 2562 (2010)). This rule applies to all due process tolling claims, not just those that concern alleged attorney misconduct.

"[P]ursuing one's rights diligently 'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts [to pursue his or her claim].'" *Bush*, 428 S.W.3d at 22 (quoting *Whitehead*, 402 S.W.3d at 631). However, due process tolling "'must be reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id*. (quoting *Whitehead*, 402 S.W.3d at 631-32).

> "[I]t is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Jones v. State*, No. W2019-00053-CCA-R3-PC, 2019 WL 5957288, at *2 (Tenn. Crim. App. Nov. 8, 2019) (quoting *Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004)).

> [I]f the trial court did not have jurisdiction to consider a petition for post-conviction relief because it was untimely, and due process did not require the tolling of the statute of limitations, we must dismiss the appeal even if the State failed to raise the statute of limitations at the trial level, and the trial court treated the petition as timely.

*Id*. (citing *Greene v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at *5 (Tenn. Crim. App. Apr. 25, 2007)). Moreover, "this Court cannot assume jurisdiction of a matter upon the agreement of the parties." *State v. Partin*, No. M2010-00190-CCA-R3-CD, 2011 WL 676183, at *2 (Tenn. Crim. App. Feb. 24, 2011) (citing *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)); *see State v. Caudle*, No. M2018-01471-CCA-R3-CD, 2019 WL 5883678, at *3 (Tenn. Crim. App. Nov. 12, 2019) (stating that "the parties may not circumvent the required procedures for obtaining a delayed appeal by entering an agreed order granting a delayed appeal").

Here, the Defendant's judgments of conviction became final in 2019, but he did not file his petition for post-conviction relief until 2021, after the one-year statute of limitations had expired. The Defendant recognized that his pro se petition was untimely but did not allege misrepresentation by trial counsel in either his pro se petition or his motion for a new trial or delayed appeal that would justify tolling the statute of limitations. Additionally, the record does not show that the post-conviction court addressed the untimeliness of the petition or held a hearing to determine whether due process should toll the statute of limitations. Accordingly, we conclude that the post-conviction court lacked jurisdiction to hear the petition.

We note that our supreme court has held that a post-conviction petitioner may be entitled to have his case remanded and a hearing conducted to determine whether due process requires tolling the statute of limitations when "the record indicates that the [petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." *Williams*, 44 S.W.3d at 468. A hearing is not required, though, when the petitioner does not allege misrepresentation by trial counsel and the record does not support an allegation that counsel misled the petitioner. *State v. Reynolds*, No. M2010-00607-CCA-R3-CD, 2011 WL 1991943, at \*4-5 (Tenn. Crim. App. May 23, 2011) (citing *Powell v. State*, No. M2009-01618-CCA-R3-PC, 2010 WL 4812765, at \*2 (Tenn. Crim. App. Nov. 23, 2010); *Jarrett v. State*, No. W2006-02033-CCA-R3-PC, 2007 WL 2120182, at \*2-3 (Tenn. Crim. App. Jul. 24, 2007)). The Defendant did not allege misrepresentation by trial counsel in this case. In fact, in his motion for new trial or delayed appeal, he alleged a "lack of understanding and communication," not misrepresentation. Therefore, we conclude that the appeal should be dismissed.

## CONCLUSION

Upon our review, the appeal is dismissed.

_____
JOHN W. CAMPBELL, SR., JUDGE